FILED

2010 MAY 21  PM 5: 25

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY_____

1  BURKE, WILLIAMS & SORENSEN, LLP
   ALLAN E. CERAN, (SBN 093303)
2  E-mail:  aceran@bwslaw.com
   444 South Flower Street, Suite 2400
3  Los Angeles, CA  90071-2953
   Telephone:  213.236.0600
4  Facsimile:  213.236.2700

5  OF COUNSEL:
   KING & SPALDING, LLP
6  DWIGHT J. DAVIS
   S. STEWART HASKINS
7  EDWARD SOHN
   1180 Peachtree Street, N.E.
8  Atlanta, Georgia 30309
   Telephone:  404.572.4600
9  Facsimile:  404.572.5140

10 Attorneys for Defendant
   HOME DEPOT U.S.A., INC.

11

12                UNITED STATES DISTRICT COURT

13     CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

14

15 BENJAMIN BERGER, individually        Case No.
16 and on behalf of all others similarly
   situated and the general public,      SACV 10-0678 JVS PJWx
17
            Plaintiff,                   DEFENDANT HOME DEPOT U.S.A.,
18                                       INC.'S NOTICE OF REMOVAL
   v.
19 The
   HOME DEPOT U.S.A., INC., a
20 Delaware Corporation, dba The
   Home Depot and DOES 1 through
21 50, inclusive,

22          Defendants.

23

24        Defendant The Home Depot U.S.A., Inc., d/b/a The Home Depot,

25 ("Defendant" or "Home Depot") files this Notice of Removal of this action from

26 Superior Court of California, County of Orange, Case No. 06CC00139, to the

27 United States District Court for the Central District of California, Southern

28 Division, pursuant to 28 U.S.C. §§ 1332(d), 1441, 1446 and 1453 and on the basis

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
MENLO PARK

LA #4821-4798-0550 v1          - 1 -          CASE NO.:
                                              DEFENDANT HOME DEPOT U.S.A., INC.'S
                                              NOTICE OF REMOVAL

1    of the following facts which show that this case may be properly removed to this

2    Court:

3         1.    On August 16, 2006, Home Depot timely and properly removed this

4    matter to this Court from the Superior Court, County of Orange, pursuant to 28

5    U.S.C. §§ 1332(d), 1441, 1446 and 1453. *See* Case No. 8:06-cv-00757-SJO-PLAx

6    ("2006 Removal"), [Dkt. No. 1].

7         2.    Following removal, this action was litigated in this Court for more

8    than seventeen months. During that time period, Plaintiff amended his complaint

9    twice, Defendant filed a motion to dismiss, which the Court granted in part and

10   denied in part, the case was consolidated with another matter and transferred to a

11   different judge, discovery took place, and Defendant moved for summary judgment.

12   See 2006 Removal, [Dkt. Nos. 6, 21, 24, 37, 55, 57, 78].

13        3.    On September 28, 2007, the Honorable S. James Otero issued an order

14   ("9/28/07 Order") dismissing Plaintiff's class claims, finding that the "case may

15   only proceed from here forward on behalf of the named Plaintiff[]" because

16   Plaintiff "failed to offer any explanation for [his] delay in seeking an extension of

17   the class certification motion deadline" until two months after the deadline for

18   filing such motion had already passed. 2006 Removal, [Dkt. No. 67].

19        4.    On November 30, 2007, Judge Otero denied Plaintiff's motion for

20   reconsideration of the 9/28/07 Order. 2006 Removal, [Dkt. No. 90].

21        5.    On January 25, 2008, having ordered that Plaintiff could only proceed

22   with his individual claim, Judge Otero remanded this action to the Superior Court

23   of California, County of Orange, for lack of subject matter jurisdiction. Judge

24   Otero reasoned that although diversity of citizenship remained between the parties,

25   because the class claims had been dismissed and only the individual claims of

26   Plaintiff remained in the case, the amount in controversy requirement was not met.

27   2006 Removal, [Dkt. No. 99].

28

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
MENLO PARK

LA #4821-4798-0550 v1                      - 2 -                        CASE NO.:
                                                         DEFENDANT HOME DEPOT U.S.A., INC.'S
                                                                  NOTICE OF REMOVAL

6. On May 23, 2008, notwithstanding Judge Otero's 9/28/07 Order dismissing Plaintiff's class claims, Plaintiff filed a document titled "Status Conference Report" in the Superior Court of California, County of Orange, indicating for the first time after remand his intent to "proceed to address the substance of his class wide claims" in the Superior Court. *See* Plaintiff's Status Conference Report, attached as Exhibit A, at 4. Plaintiff stated unequivocally his intent to proceed with his class claims, contending that "[t]he parties as a matter of right must proceed to a class certification determination on the merits." *Id.*

7. On June 20, 2008, Home Depot timely removed to this Court again on the basis of the renewed class claims that Plaintiff intended to pursue in the state court. *See* Case No. 8:08-cv-00692-SJO-PLA ("2008 Removal") [Dkt. No. 1]

8. On July 21, 2008, Judge Otero remanded this case to the Superior Court of California again, stating that the "Court already determined that Plaintiff cannot pursue class claims; accordingly, the Court lacks subject matter jurisdiction to hear the matter." 2008 Removal [Dkt. No. 9].

9. On July 31. 2008, Home Depot petitioned the Ninth Circuit for permission to appeal. That petition was denied by the Ninth Circuit on October 17, 2008. 2008 Removal [Dkt. No. 11].

10. The case has continued in the Superior Court of California for twenty months. During that time, Plaintiff amended his Complaint again, Home Depot filed a demurrer, and the parties have continued in discovery. Plaintiff has not filed a motion for class certification, and the disposition of this case is otherwise in the same procedural posture as when it was remanded almost two years ago.

11. As set forth below, Home Depot now removes to the Central District of California, subject to 28 U.S.C. §§ 1332(d), 1441, 1446 and 1453.

///

///

///

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
MENLO PARK

LA #4821-4798-0550 v1          - 3 -          CASE NO.:
DEFENDANT HOME DEPOT U.S.A., INC.'S
NOTICE OF REMOVAL

## I.  DEFENDANT HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL.

12.     On April 21, 2010, the Ninth Circuit Court of Appeals decided the case *United Steel v. Shell Oil Co.*, -- F.3d --, 2010 WL 1571190 (9th Cir. April 21, 2010).  In *United Steel*, the Ninth Circuit held that federal courts did not divest their subject matter jurisdiction over putative class actions pursuant to CAFA when the class claims are dismissed.  Because this Court remanded this case for lack of CAFA jurisdiction after the dismissal of Plaintiff's class claims, this Court has jurisdiction over this action and this case has become removable by precedential effect and direct authority of the Ninth Circuit's holding in *United Steel*.

13.     In the alternative, Home Depot removes this case pursuant to 28 U.S.C. §§ 1446(b) and 1453, as it is filed within 30 days after receipt of an order or other paper that caused this action to become removable.  28 U.S.C. § 1446(b).  After the Ninth Circuit decided *United Steel*, Plaintiff's counsel filed a paper with the Court, a "Status Conference Statement" on April 30, indicating representation of the putative class.  *See* Plaintiff's Status Conference Statement, attached hereto as Exhibit B.  The Conference Statement provided Home Depot with notice that Plaintiff would continue pursuing the class claims even after *United Steel* held subject matter jurisdiction was not divested from federal court, making this action removable.  Home Depot removes this case within 30 days of the Status Conference Statement.

14.     In fact, the *United Steel* opinion itself was filed on April 21, 2010 and if the order itself is considered the basis for removability, Home Depot removes this case within 30 days of that order.  *See Davis v. Time Ins. Co.*, 698 F. Supp. 1317, 1322 (S.D. Miss. 1988) (holding that a recent decision changing the law and introduces removability is covered by § 1446(b) because "a federal basis is supplied where previously none was"); *Smith v. Burroughs Corp.*, 670 F. Supp. 740, 741 (E.D. Mich. 1987) (reasoning that "any situation in which an action not

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
MENLO PARK

LA #4821-4798-0550 v1                    - 4 -

CASE NO.:
DEFENDANT HOME DEPOT U.S.A., INC.'S
NOTICE OF REMOVAL

1   initially removable later becomes removable" is subject to removal under §

2   1446(b)).

3     15. Venue lies in the United States District Court for the Central District

4   of California, Southern Division, pursuant to 28 U.S.C. § 1441(a), because the

5   original action was filed within the Southern Division of this District.  The Superior

6   Court of California, County of Orange, is located within the District of California,

7   Southern Division.   Therefore, venue is proper in this Court because it is the

8   "district and division embracing the place where such action is pending."  *See* 28

9   U.S.C. § 1441(a).

10     16. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings and

11   orders served on Home Depot are attached hereto as Exhibit C, and pursuant to 28

12   U.S.C. § 1446(d), a copy of the Notice of Removal is being served upon counsel for

13   Plaintiff and a copy is being filed with the clerk of the Superior Court of California,

14   County of Orange.

15   **II.   REMOVAL IS PROPER BECAUSE THE COURT HAS SUBJECT**

16     **MATTER JURISDICTION PURSUANT TO 28 U.S.C. § 1332.**

17     17. The Court has original jurisdiction over this action, and the action may

18   be removed to this Court pursuant to the Class Action Fairness Act of 2005, Pub. L.

19   No. 109-2, 119 Stat. 4 (codified in scattered sections of 28 U.S.C.) ("CAFA").

20     18. The Ninth Circuit's opinion in *United Steel* affirms this Court's

21   continued subject matter jurisdiction, holding that "continued jurisdiction under §

22   1332(d) does not depend on certification. . . . If a defendant properly removed a

23   putative class action at the get-go, a district court's subsequent denial of Rule 23

24   class certification does not divest the court of jurisdiction, and it should not remand

25   the case to state court."   2010 WL 1571190, at *4.   This Court, therefore, has

26   "continued jurisdiction under 28 U.S.C. § 1332(d)".  Id.

27     19. The facts establishing this Court's jurisdiction over the action have not

28   changed: this is a putative class action in which: (1) Plaintiff alleges there are 100

Burke, Williams &
Sorensen, LLP
Attorneys At Law
Menlo Park

LA #4821-4798-0550 v1  - 5 -  CASE NO.:
DEFENDANT HOME DEPOT U.S.A., INC.'S
NOTICE OF REMOVAL

1    or more members in Plaintiff's alleged class; (2) Plaintiff, as the putative class

2    representative, and the members of the proposed class, have a different citizenship

3    than Defendant Home Depot; and (3) based upon the allegations in the Third

4    Amended Complaint, the claims of the putative class members exceed the sum or

5    value of $5,000,000 in the aggregate, exclusive of interest and costs.  Thus, this

6    Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. §

7    1332(d).

8        **A.     Class Action Consisting of More than 100 Members**

9        20.    In the Third Amended Complaint, Plaintiff seeks to represent a

10   putative class of "all individuals who are California residents and who, from on or

11   after July 12, 2002 paid a Damage Waiver charge while renting tools or equipment

12   from Home Depot." *See* Third Amended Complaint ("TAC") ¶ 16.

13       21.    Plaintiff asserts that "the class is believed to comprise many thousands

14   of consumers in California . . ."  *Id.*, ¶ 17.  Accordingly, Plaintiff alleges that the

15   aggregate number of class members of the proposed plaintiff class is greater than

16   100 for purposes of 28 U.S.C. § 1332 (d)(5)(B).

17       **B.     Diversity of Citizenship**

18       22.    There is diversity of citizenship between Plaintiff and Defendant in

19   this matter. *See* 2006 Removal, [Dkt. No. 99] ("[D]iversity of citizenship remains

20   between Plaintiffs and Defendant Home Depot . . . .").  Original jurisdiction under

21   CAFA is met when the parties in a class action are minimally diverse.  *See* 28

22   U.S.C. § 1332(d)(2)(A) ("[t]he district courts shall have original jurisdiction of any

23   civil action in which the matter in controversy exceeds the sum or value of

24   $5,000,000, exclusive of interests and costs, and is a class action in which --

25   (A) **any member of a class of plaintiffs is a citizen of a State different from any**

26   **defendant. . . .** ) (emphasis added).

27       23.    Plaintiff alleges that he is a citizen of the State of California. *See* TAC

28   ¶ 7.  The other plaintiffs named in the Third Amended Complaint, identified as "a

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
MENLO PARK

LA #4821-4798-0550 v1          - 6 -          CASE NO.:
DEFENDANT HOME DEPOT U.S.A., INC.'S
NOTICE OF REMOVAL

1 class of similarly situated individuals" or as "members of the Class" are merely

2 putative class members and are citizens of California.

3      24.    Home Depot is, and was at the time Plaintiff commenced this action, a

4 corporation duly organized and validly existing under the laws of the State of

5 Delaware. TAC, ¶ 8. Home Depot's corporate headquarters and principal place of

6 business is in Atlanta, Georgia. *See* Declaration of Gretchen Lumsden, attached as

7 Exhibit D, ¶ 2. At no time, including when Plaintiff commenced this action, has

8 Home Depot, or any of its affiliates, been a citizen of the State of California for

9 purposes of diversity jurisdiction. *Id.*

10      25.    Home Depot was founded in Atlanta, Georgia in 1979. *Id.*, ¶ 3. In the

11 United States, Home Depot operates over 2,000 stores located in all 50 states and

12 the District of Columbia. Its principal place of business is, and always has been, in

13 Georgia. Lumsden Decl., ¶ 3. The majority of Home Depot's executive and

14 administrative functions occur in Georgia. *Id.*, ¶ 8. Home Depot's CEO, CFO,

15 General Counsel, and other senior management are located in Atlanta, Georgia. *Id.*

16 Home Depot's finance, accounting, purchasing, treasury, marketing, training,

17 human resources, information systems, internal audit, and legal departments are

18 maintained at its principal executive offices in Atlanta, Georgia. *Id.* Accordingly,

19 the nerve center of Home Depot's business operations and Home Depot's principal

20 place of business is in Georgia. *See Hertz Corp. v. Friend*, 130 S.Ct. 1181, 1192

21 (2010) (holding that "'principal place of business' is best read as referring to the

22 place where a corporation's officers direct, control and coordinate the corporation's

23 activities...the corporation's 'nerve center'"); *Arellano v. Home Depot U.S.A, Inc.*,

24 245 F. Supp. 2d 1102, 1106 (S.D. Cal. 2003) (concluding under the "nerve center"

25 test, Home Depot's principal place of business is in Georgia and, therefore, Home

26 Depot is a citizen of Delaware and Georgia for diversity jurisdiction purposes).

27      26.    Plaintiff is a citizen of California, the state where the action was

28 originally filed and Home Depot is a citizen of Delaware and Georgia, not

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
MENLO PARK

LA #4821-4798-0550 v1       - 7 -       CASE NO.:
DEFENDANT HOME DEPOT U.S.A., INC.'S
NOTICE OF REMOVAL

California, therefore the exceptions to CAFA are not applicable because CAFA's exceptions only apply when the parties are not diverse. *See* 28 U.S.C. §§ 1332(d)(4)(B) (district court declines to exercise jurisdiction in a class action in which 2/3 or more of the proposed plaintiff class and the primary defendants are citizens of the State in which the action was originally filed); § 1332(d)(3) (district court may decline to exercise jurisdiction over a class action in which greater than 1/3 but less than 2/3 of the proposed plaintiff class and the primary defendants are citizens of the State in which the action was originally filed) (emphasis added).

**C.  Based On the Allegations in the Third Amended Complaint, The Amount-In-Controversy Requirement is Satisfied.**

27.     This action arises out of Plaintiff's alleged rental of tools from a Home Depot store located in Costa Mesa, California. TAC, ¶13.

28.     Plaintiff alleges that, in connection with renting tools from Home Depot, he purchased a damage waiver (the "Damage Waiver"). *Id.*, ¶ 15.

29.     Plaintiff further alleges that "[the] 'Damage Waiver' charge was automatically included in plaintiff's rental invoice. . . [and] . . . Home Depot did not disclose that the 'Damage Waiver' was optional. . ." *Id.*

30.     Based on these facts, Plaintiff seeks to represent a putative class of "[a]ll individuals who are California residents and who, from on or after July 12, 2002, paid a Damage Waiver charge while renting tools or equipment from Home Depot." *Id.*, ¶ 11.

31.     Plaintiff alleges that Home Depot engaged in "unfair business practices" in violation of the California Business and Professions Code § 17200, *et seq.* *See* TAC, ¶¶ 23-27 (First Cause of Action). Plaintiff alleges that same conduct violates California's Consumer Legal Remedies Act, California Civil Code § 1750, *et. seq.* (the "CLRA"). *Id.*, ¶¶ 28-35 (Second Cause of Action). Plaintiff further alleges that Home Depot "will be unjustly enriched" if it is allowed to retain revenue from Damage Waiver sales. *Id.*, ¶¶ 36-38. (Third Cause of Action). Last,

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
MENLO PARK

LA #4821-4798-0550 v1          - 8 -

CASE NO.:
DEFENDANT HOME DEPOT U.S.A., INC.'S
NOTICE OF REMOVAL

1  Plaintiff alleges that Home Depot "has in its possession money which in equity

2  belongs to Plaintiff" and brings a claim for money had and received. *Id.*, ¶¶ 39-41

3  (Fourth Cause of Action).

4        32.    In connection with each of these four causes of action, Plaintiff seeks,

5  on behalf of the Class and the general public:  (1) "an order certifying the case as a

6  class action . . .;" (2) compensatory damages; (3) an order "enjoining [Home

7  Depot] from automatically assessing a damage waiver into rental agreements and

8  from failing to disclose the optional nature of the damage waiver;" (4) "[r]estitution

9  and disgorgement of all amounts obtained by Defendant as a result of their

10  misconduct;" (5) statutory penalties; (6) reasonable attorneys fees; (7) costs of the

11  suit; (8) punitive damages; (9) statutory pre-judgment interest; and (10) "[s]uch

12  other relief as the Court may deem proper."   TAC at 8-9, Prayer for Relief,

13  unnumbered "Wherefore" clause, ¶¶ A-J.

14        33.    Based upon the relief Plaintiff seeks and the number of class members

15  he alleges, the amount in controversy for the claims of the class members exceeds

16  $5,000,000, exclusive of interest and costs, and the amount in controversy

17  requirement for CAFA is satisfied.   See 28 U.S.C. § 1332(d)(6) ("In any class

18  action, the claims of the individual class members shall be aggregated to determine

19  whether the matter in controversy exceeds the sum or value of $5,000,000,

20  exclusive of interest and costs.").

21        **1.**    **Damages**

22        34.    In connection with each of the four causes of action, Plaintiff alleges

23  that "Home Depot[] profits through deceptive and unfair imposition of a ten-

24  percent 'Damage Waiver' . . . [and that] . . . Home Depot systematically fails to tell

25  customers that . . . 'Damage Waiver' . . . is an optional charge that they are not

26  required to pay."  TAC, ¶ 4.

27        35.    Plaintiff seeks to force Home Depot to return the Damage Waiver fees

28  paid by the alleged class members.   TAC, at 9, Prayer for Relief, unnumbered

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
MENLO PARK

LA #4821-4798-0550 v1     - 9 -     CASE NO.:
DEFENDANT HOME DEPOT U.S.A., INC.'S
NOTICE OF REMOVAL

1    "Wherefore" clause, ¶ D.

2        36.   Plaintiff alleges that "the class is believed to comprise many thousands

3    of consumers in California" over the alleged four year class period. TAC, ¶ 17.

4        37.   Home Depot's revenue from the sale of Damage Waivers in California

5    stores from July 12, 2002 to September 30, 2006 was approximately $15,970,021

6    million.  Declaration of Jim Summers, attached as Exhibit E, ¶ 6.  Based on the

7    allegations in the Third Amended Complaint, Plaintiff, therefore, could seek over

8    $15 million in compensatory damages alone on behalf of the putative class.

9        38.   Therefore, solely based on Plaintiff's claim for damages, the

10   allegations in Plaintiff's Third Amended Complaint place over $5,000,000 in

11   controversy in this case.   See TAC, at 8-9, Prayer for Relief, unnumbered

12   "Wherefore" clause, ¶¶ A-J; Summers Decl., ¶ 6; *see also Rippee v. Boston Mkt.*

13   *Corp.*, No. 05-CV-1359-BTM, 2005 U.S. Dist. LEXIS 39478 (S.D. Cal. Oct. 14,

14   2005) ("The procedure in the Ninth Circuit for determining the amount in

15   controversy on removal requires a district court to first consider whether it is

16   'facially apparent' from the complaint that the jurisdiction amount is in

17   controversy. . . . If it is not, the court may consider facts in the removal petition as

18   well as evidence submitted by the parties, including 'summary-judgment type

19   evidence relevant to the amount in controversy at the time of removal.'").

20           **2.    Injunctive Relief and Attorneys' Fees**

21       39.   In addition to damages, Plaintiff also requests injunctive relief in this

22   matter to order Defendants to "immediately cease its wrongful conduct . . . ." *Id.* at

23   11, unnumbered "Wherefore" clause, ¶ C.  Although the amount in controversy is

24   met on the basis of Plaintiff's alleged damages in California alone, injunctive relief

25   may also be considered in determining the amount in controversy in this matter.

26   *See Yeroushalmi v. Blockbuster Inc.*, No. CV 05-2550 AHM, 2005 U.S. Dist.

27   LEXIS 39331 (C.D. Cal. July 11, 2005) (concluding that it is proper to consider the

28   cost of injunctive relief, potential punitive damages, and attorney's fees in assessing

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
MENLO PARK

LA #4821-4798-0550 v1          - 10 -          CASE NO.:
                                               DEFENDANT HOME DEPOT U.S.A., INC.'S
                                               NOTICE OF REMOVAL

1    the amount in controversy).

2         40.    For purposes of determining the amount in controversy, the Ninth

3    Circuit measures the value of injunctive relief either by (1) calculating the

4    defendant's cost of compliance or (2) calculating the amount saved by Plaintiff

5    without the alleged harm.  *Compare Miller v. Maverik Country Stores*, 72 Fed.

6    Appx. 582, 584 (9th Cir. 2003) (holding that a "court may use defendant's

7    'viewpoint' of costs to determine amount in controversy if plaintiff's potential

8    recovery is below the relevant amount.") *with Boston Reed Co. v. Pitney Bowes*,

9    Inc., No. 02-01106 SC, 2002 U.S. Dist. LEXIS 11683, *17-18 (N.D. Cal. June 20,

10   2002) (holding that if the court were to enter an injunction, it "would measure the

11   value of the injunction not according to Defendants' loss of business but according

12   to the amount Plaintiff would save by not being charged.").

13        41.    Plaintiff seeks injunctive relief prohibiting Home Depot from further

14   sales of these allegedly "unfair" and "fraudulent" Damage Waivers.  The value of

15   this injunctive relief to the putative class members is the "saved" cost of purchasing

16   the allegedly "unfair" Damage Waiver.  *See Boston Reed Co. v. Pitney Bowes, Inc.*,

17   2002 U. S. Dist. LEXIS 11683, *17-18.  Furthermore, under CAFA, this purported

18   benefit to the class shall be aggregated to determine the amount in controversy.  *See*

19   28 U.S.C. § 1332(d)(6) ("In any class action, the claims of the individual class

20   members shall be aggregated to determine whether the matter in controversy

21   exceeds the sum or value of $5,000,000, exclusive of interest and costs.");

22   *Yeroushalmi v. Blockbuster Inc.*, 2005 U.S. Dist. LEXIS 39331.

23        42.    The cost to Home Depot (and the value to the alleged class) of the

24   proposed injunctive relief is significant.  In 2005 alone, Home Depot received over

25   $4 million in revenue from the sale of Damage Waivers in connection with tool

26   rentals in California.  See Summers Decl., ¶ 7.  Thus, if Plaintiff were to obtain the

27   injunctive relief he seeks, Home Depot's costs in complying with the injunction in

28   terms of lost revenue in California alone could exceed millions of dollars per year

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
MENLO PARK

LA #4821-4798-0550 v1                - 11 -                CASE NO.:
DEFENDANT HOME DEPOT U.S.A., INC.'S
NOTICE OF REMOVAL

1    and the alleged class would allegedly "save" that amount.

2        43.    Additionally, Plaintiff seeks an award of attorneys' fees, which must

3    also be considered in determining the amount in controversy. *See Yeroushalmi v.*

4    *Blockbuster Inc.*, 2005 U.S. Dist. LEXIS 39331 (concluding that it was proper to

5    consider attorney's fees in assessing the amount in controversy). In putative class

6    actions similar to the one Plaintiff seeks to maintain, attorney's fees are typically

7    25% of the value of the benefit to the class of any judgment or settlement. *See In re*

8    *Veritas Software Corp. Sec. Litig.*, No. C-03-0283 MMC, 2005 U. S. Dist. LEXIS

9    30880 (N.D. Cal. Nov. 15, 2005) (holding that "Ninth Circuit case law suggests

10   that even in a 'garden variety' securities class action, counsel ordinarily is entitled

11   to an award of fees in the amount of 25% of the settlement.").

12       44.    Therefore, if Plaintiff prevailed at trial, Plaintiff's claim for attorneys'

13   fees based only on the California damages could exceed $3 million.

14       45.    Therefore, while Home Depot believes class certification is not

15   appropriate in this action and that Home Depot will prevail on the merits of

16   Plaintiff's claims, Home Depot has a good faith belief based on Plaintiff's

17   allegations that the amount in controversy in this case, including, but not limited to

18   alleged damages, attorneys' fees, and injunctive relief, clearly exceeds the

19   jurisdictional threshold of $5,000,000 contained in 28 U.S.C. § 1332(d).

20       46.    Defendant will, promptly after the filing of this Notice of Removal, in

21   accordance with 28 U.S.C. § 1446(d), give written notice of this Notice of Removal

22   to all parties and will file a copy of this Notice of Removal with the Clerk of the

23   Court of the Superior Court of California, County of Orange.

24   ///

25   ///

26   ///

27   ///

28   ///

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
MENLO PARK

LA #4821-4798-0550 v1    - 12 -    CASE NO.:
DEFENDANT HOME DEPOT U.S.A., INC.'S
NOTICE OF REMOVAL

1   WHEREFORE, Defendant respectfully requests that this action be removed

2   from the Superior Court of California, County of Orange, to the United States

3   District Court for the Central District of California, Southern Division, pursuant to

4   28 U.S.C. §§ 1332(d), 1441 and 1453(b).

5

6   Dated: May 21 , 2010                BURKE, WILLIAMS & SORENSEN, LLP

7

8   By: _____

9   ALLAN E. CERAN
    Attorneys for Defendants
    HOME DEPOT U.S.A., INC.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
MENLO PARK

LA #4821-4798-0550 v1                - 13 -                CASE NO.:
DEFENDANT HOME DEPOT U.S.A., INC.'S
NOTICE OF REMOVAL

# NOTICE OF FILING OF NOTICE OF REMOVAL

# EXHIBIT A

1  Taras Kick (State Bar No. 143379)
   Graig Woodburn (State Bar No. 134097)
2  G. James Strenio (State Bar No. 177624)
   The Kick Law Firm, APC
3  900 Wilshire Blvd., Suite 230
   Los Angeles, California 90017
4  Phone: (213) 624-1588
   Fax: (213) 624-1589
5
   Counsel for Plaintiff Benjamin Berger
6

7

8                    SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                           FOR THE COUNTY OF ORANGE

10

11

12  BENJAMIN BERGER, individually and on )    CASE NO. 06CC00139
    behalf of all others similarly situated and the )
13  general public,                          )    CLASS ACTION
                                             )
14              Plaintiff,                   )    **PLAINTIFF BENJAMIN BERGER'S**
                                             )    **STATUS CONFERENCE REPORT**
15         vs.                               )
                                             )
16  THE HOME DEPOT USA INC., a               )
    Delaware Corporation, dba The Home Depot )
17  and Does 1 through 50, inclusive,        )    Date: May 28, 2008
                                             )    Time:10:30 a.m.
18              Defendants.                  )    Dept.: CX 104
                                             )
19                                           )    The Honorable Thierry Patrick Colaw
                                             )
20                                           )
                                             )
21  ─────────────────────────────────────   )

22

23

24

25

26

27

28

                    **PLAINTIFF'S STATUS CONFERENCE REPORT**

                        EXHIBIT A

14

I.    **Background and Case History**

On July 12, 2006, Plaintiff Benjamin Berger, a resident of Orange County, filed his original class action complaint in this Court seeking to redress wrongful consumer practices undertaken by defendant Home Depot.

Specifically, Berger filed action on behalf of himself and all similarly situated persons who had been assessed a 10-percent damage waiver charge while renting tools from Home Depot.  It was Home Depot's practice to automatically include the 10-percent Damage Waiver charge on its customer invoices without informing the customer the charge was an optional one they were not obligated to pay.

Shortly after the action was filed, on August 16, 2006, Home Depot removed the lawsuit to the U.S. District Court for the Central District, Santa Ana Division, where the case proceeded before the Honorable Andrew J. Guilford.

Home Depot brought a 12(b)(6) motion to dismiss the complaint in front of Judge Guilford, but in a detailed careful opinion Judge Guilford denied the bulk of Home Depot's motion, and reviewing the actual contract at the core of this class action lawsuit, Judge Guilford rejected Home Depot's argument that the contract informed California consumers that the damage waiver was optional, and recognized that there were serious consumer issues created by Home Depot's practices. *(Declaration of Graig Woodburn, Exhibit A.)*  At the request of Judge Guilford, the parties then prepared a proposed briefing schedule for class certification, which Judge Guilford approved.

However, having apparently not liked the direction the case was heading before Judge Guilford, in the middle of the class certification discovery period, defendant Home Depot suddenly sought to have this action consolidated with a similar case, *Guardado v. Home Depot*, that had been filed in Los Angeles County Superior Court and removed to U.S. District Court in Los Angeles, and which was being prosecuted with a Los Angeles based lead plaintiff rather than an Orange County based lead plaintiff as this action is being prosecuted.

While the motion to consolidate was pending, on April 18, 2007, this case was reassigned from Judge Guilford to Judge George Wu, sitting in the Los Angeles branch of the Central District. Judge Wu conducted a status conference on May 9, 2007, and indicated the parties could develop a

---

**PLAINTIFF'S STATUS CONFERENCE REPORT**
2



1  revised scheduling of class certification matters at a second status conference which he set for May

2  31, 2007. *Woodburn Decl.* ¶ 3.

3      However, that status conference never took place. This is because before it could occur, on

4  May 16, 2007, the action was transferred and consolidated with the Los Angeles originated

5  *Guardado* action, as Defendant Home Depot had requested, before Judge James Otero. The

6  collective parties then worked to develop, and all stipulated to, a proposed case scheduling order for

7  class certification, discovery, expert discovery and trial which was submitted to Judge Otero for

8  approval on July 31, 2007. As a part of the filed stipulation, Defendant Home Depot stipulated that

9  it would have been impractical to file a class certification motion sooner; this was by definition true

10 since there was a pending motion initiated by the defendant to consolidate the two cases.

11     In response, on September 7, 2007, Judge Otero approved the stipulated schedule, but *sua*

12 *sponte* made the class certification briefing contingent upon a showing that United States Central

13 District Local Rule 23-3 had been complied with.[1]

14     While there was no response to the Court's inquiry regarding Local Rule 23-3 from the Los

15 Angeles County originated *Guardado* case, Plaintiff Berger submitted a statement to the Court

16 indicating that Local Rule 23-3 had been complied with. Specifically, it is undisputed that within 15

17 days of the removal of the case from state court (and within 50 days of the date it was originally filed

18 in state court) Judge Guilford had requested the parties conduct an early meeting of counsel, which

19 included scheduling matters. The parties did this, and after reviewing the parties report and proposed

20 schedule, Judge Guilford adopted the class certification schedule, thereby fulfilling and bringing to

21 an end Local Rule 23-3's interplay.[2]

---

22     [1] The rule states: *L.R. 23-3* **Certification**. Within 90 days after service of a pleading

23 purporting to commence a class action other than an action subject to the Private Securities
   Litigation Reform Act of 1995, P.L. 104-67, 15 U.S.C. § 77z-1 et seq., the proponent of the class

24 shall file a motion for certification that the action is maintainable as a class action, unless otherwise
   ordered by the Court.

25     [2] Plaintiff further explained that during the pendency of the consolidation process it was

26 impractical to follow the earlier schedule and that once consolidation occurred, the parties worked to
   establish a scheduling order for all items in the consolidated actions. As mentioned, Defendant

27 Home Depot stipulated with Plaintiffs that it would have been impractical to file a class certification
   motion sooner; this was by definition true since there was a pending motion initiated by Home Depot

28 to consolidate the two cases.

---

**PLAINTIFF'S STATUS CONFERENCE REPORT**

3

EXHIBIT A

Judge Otero issued an order on September 28, 2007, indicating that there had not been provided a "good faith" basis extending the deadline for filing a motion for class certification. The Court ruled that there had been compliance with Local Rule 23-3 (and reasonable assumption that the original briefing schedule was impractical while awaiting resolution of the consolidation process) but that there had not been diligent seeking of compliance with the local rule after consolidation.[3]

As both this Orange County based *Berger* case as well as the Los Angeles County based case had been removed from state court on the basis of the Class Action Fairness Act (CAFA), and as the federal court now stated it would not address or assess class certification issues at all, that court remanded both actions back to state court.

Therefore, nearly two years after he filed his action before this Court, and despite his efforts to proceed in a reasonable and diligent manner, Plaintiff is now back in the Court in which he filed his action with hopes that he can finally proceed to address the substance of his class wide claims regarding the Defendant's wrongful taking of millions of dollars from California consumers on the merits.

## II. The Parties As A Matter of Right Must Proceed to a Class Certification Determination on the Merits.  If Home Depot Argues Otherwise, It Is Only Because It Knows That Under California Law Class Certification Must Be Granted.

Plaintiff does not know if Defendant Home Depot will try to argue that a federal trial court's unappealed ruling based on a local procedural rule somehow precludes this state court from hearing a class certification motion, but in case Home Depot does try to make such an argument, this Court should know in advance the argument is completely without any support and, in fact, contrary to California law.

---

[3]As Local Rule 23-3 does not state in any manner that the 90-day filing requirement remains ongoing once there has been initial compliance, Plaintiff had not directed his response to Judge Otero's September 7, 2007, inquiry to include a discussion of the nuances of the post-consolidation process to move for class certification.  Because the September 28, 2007, order was based on the purported lack of seeking an immediate class certification schedule from the Court after consolidation, Plaintiff filed a Motion for Reconsideration of the Court's September 28, 2007, which included a detailed exposition of the efforts the parties made to develop a case schedule.  On November 30, 2007, the Court denied the Motion for Reconsideration.

**PLAINTIFF'S STATUS CONFERENCE REPORT**

4



State courts in California have consistently held that a federal district court ruling is not law of the case when the case is remanded to state court, because the law of the case doctrine applies to only appellate rulings. (*Provience v. Valley Clerks Trust Fund* (1984) 163 Cal.App.3d 249, 256 (declining to give effect to federal court decision on remand because "the doctrine that a previous ruling has become law of the case has no application except as to the decisions of appellate courts"); *AT&T v. Superior Court,* 21 Cal.App.4th 1673, 1680 (1994).)

The California Supreme Court has recognized even when a federal question is raised "it is a general and unassailable proposition . . . that States may establish the rules of procedure governing litigation in their own courts." (*Rosenthal v Great Western Fin. Securities Corp.* (1996) 14 Cal.4th 394, 409.) Here, of course, there is not even a federal question presented or even a substantive legal question, and hence no argument to try to make to follow a federal procedural local rule.

In fact, there was not even a substantive question presented. All that was decided by the district court (without the availability of an appeal of the decision to the Ninth Circuit Court of Appeal by Plaintiff since the district court remanded the case[4]) was that a local procedural rule in federal court was not complied with (after being complied with), preventing the district court from reaching the motion for class certification, which is itself simply a procedural motion to determine whether the action satisfies Federal Rules of Civil Procedure Rule 23.[5] As in federal court, in state

---

[4] Given the serious questions as to the substantive validity of the District Court's order under Federal Civil Procedure, Plaintiff had sought writ petition for Ninth Circuit review of the order. Such petition was deemed moot by the 9th Circuit as a result of the District Court's subsequent remand of the action to state court. Accordingly, the Ninth Circuit also recognizes the broad post-remand ability of this Court to independently set class certification matters.

[5] There is also substantial question as to whether it was proper under Federal procedure for Judge Otero to use a purported failure to fulfill the timing requirements of Local Rule-23-3 as a basis for denying Plaintiff the opportunity to pursue class action claims, and Plaintiff believes the ruling would have been reversed on appeal to the 9th Circuit based on, among other case law, the following.
In *Gray v Greyhound Lines East* (D.C. Cir. 1976) 545 F2d. 169, 173, the Court of Appeal recognized:
"It is not clear that dismissal of the class allegations for failure to comply with the local time limit is consistent with *Rule 23(c)(1), FED. R. CIV. P.,* which may require the court to determine the merits of the claim to representative status."
Even if a failure to comply with the local rule had occurred here, which it did not, other Federal Courts have discussed the impropriety of using a "*de minimis* lapse" in the setting of a class certification briefing schedule as basis for stripping a plaintiff of the right to pursue class claims. For example, in *Gilinsky v Columbia University* (S.D. N.Y. 1974) 62 F.R.D. 178, the failure to file a class certification motion in time set by local rule was found to be *de minimis* error.

---

**PLAINTIFF'S STATUS CONFERENCE REPORT**

5

EXHIBIT A

18

court, a motion for class certification is "a procedural one that does not ask whether an action is legally or factually meritorious." (*Sav-On Drug Stores, Inc. v. Superior Court* (2004) 34 Cal.4th 319, 326.)

It is black letter law, under *Erie R. Co. v. Tompkins* (1938) 304 U.S. 64, that federal courts apply their own rules of civil procedure, and that state courts apply their own rules of civil procedure. California, of course, has its own specific rules of civil procedure governing class actions. (*Cal. Civ. Proc. Code* § 382; *Cal. Rules Ct. Rules* 3.760 *et seq.*) In state court, it is these rules against which Plaintiff's motion for class certification is to be measured. Unlike the federal court's Local Rule 23-3, under which a class certification motion must be filed within 90 days of the filing of the complaint unless otherwise ordered, California's governing rule, Rule 3.764, is permissive, stating that "[a] motion for class certification should be filed when practicable." (*Cal. Rules Ct. Rule* 3.764(b).) While a state court may in its discretion establish a deadline to file such a motion, "[a]ny such deadline must take into account discovery proceedings that may be necessary to the filing of the motion." (*Cal. Rules Ct. Rule* 3.764(b).) Unlike Local Rule 23-3, any such deadline *must* be after the plaintiff has had an opportunity to engage in discovery. "Each party, moreover, must have an opportunity to conduct discovery on class action issues before filing documents to support or oppose a class action certification motion . . .." (*Stern v. Superior Court* (2003) 105 Cal.App.4th 223, 232-33 (citations omitted) (emphasis added).) Indeed, it is an abuse of discretion for a court to deny a plaintiff discovery necessary to support class certification:

> "[Plaintiffs] claim the trial court abused its discretion by denying them discovery necessary to support class certification. We agree. A party is entitled to such discovery before the class is certified, not after. . . . Even if plaintiffs' discovery requests were overbroad, the trial court should have restricted discovery rather than prohibiting it because a class had not yet been certified."

(*Bartold v. Glendale Federal Bank* (2000) 81 Cal.App.4th 816, 836 (citations omitted).)

The difference in procedural rules animates from the difference in public policy. Unlike in federal court, California has a strong public policy favoring class actions. (*Sav-On Drug Stores, Inc. v. Superior Court* (2004) 34 Cal.4th 319, 340; *Richmond v. Dart Indus., Inc.* (1981) 29 Cal.3d 462, 473; *Vasquez v. Superior Court* (1971) 4 Cal. 3d 800, 818; *Aguiar v. Cintas Corp. No. 2* (2006) 144 Cal.App.4th 121, 132.)

---

**PLAINTIFF'S STATUS CONFERENCE REPORT**

6



1    It is also, as the California Supreme Court recently amplified in *Elkins v. Superior Court*

2 (2007) 41 Cal.4th 1337, 1364, a well settled and fundamental judicial philosophy in California that

3 civil disputes be resolved <u>on the merits</u>.

4    In *Elkins* the Supreme Court of California was asked to evaluate whether strict adherence to a

5 local rule would supersede adjudication of the dispute on the merits.  The husband in a  a marital

6 dissolution proceeding had failed to comply with a local superior court rule which provided that

7 parties had to present their evidence at trial through written declaration. Based on that failure, the

8 trial court did not allow the husband to present evidence at trial. The Court of Appeal denied his

9 request for a writ that challenged the trial court's order.

10    The Supreme Court reversed the Appellate Court's denial of a writ of mandate, ordering the

11 mandate to issue because the trial court had abused its discretion by strictly adhering to the local rule

12 at the expense of preventing adjudication on the merits.

13    "When the two policies collide head-on, the strong public policy favoring disposition on the
    merits outweighs the competing policy favoring judicial efficiency.' " [citation omitted] The
14    fast track rules were not intended to override the strong public policy in favor of deciding
    cases on the merits when possible . . .."

15 (*Elkins*, 41 Cal.App.4th at 1365.)

16    Under *Erie*, unlike the local state rule in *Elkins*, the local procedural rule from federal court is

17 not even allowed to be followed by this Court, as already explained.  However, even if it were

18 allowed to be followed, as in *Elkins*, in this instance the Court likewise would need to recognize that

19 adherence to a local scheduling rule does not supersede the California state policy of resolving

20 matters on the merits.

21    Accordingly, following the well-developed California policy to resolve disputes on the

22 merits, and the inapplicability in state court of a local federal procedural rule, the parties should

23 immediately proceed to brief and address class certification matters. Should the Court want further

24 analysis of the issues regarding the import of the District Court rulings on this case, Plaintiff would

25 suggest that they could be addressed during the briefing on class certification and incorporated into

26 the motion.

27

28

EXHIBIT A

20

**III. Plaintiff's Proposed Case Management Schedule**

August 29, 2008 - Filing and Service of Plaintiff's Motion for Class Certification

September 26, 2008 - Filing and Service of Opposition to Class Certification

October 27, 2008 - Filing and Service of Reply Brief on Class Certification

November 17, 2008 - Hearing on Motion for Class Certification

May 1, 2009 - Trial .

                              Respectfully submitted,

Dated: May 23, 2008          The Kick Law Firm, APC


                    By:
                              Taras Kick
                              Graig Woodburn
                              James Strenio
                              Counsel for Plaintiff

---

**PLAINTIFF'S STATUS CONFERENCE REPORT**

8

EXHIBIT A

21

# DECLARATION OF GRAIG WOODBURN

I, Graig Woodburn declare:

I am a member in good standing of the State Bar of California and an attorney with The Kick Law Firm, APC, counsel of record for Plaintiff Benjamin Berger. I have personal knowledge of the matter set forth herein and if called as a witness could and would testify thereto.

1. Attached hereto as *Exhibit* A is a true and correct copy of Judge Guilford's October 19, 2006 opinion on Home Depot's motion to dismiss this action.

2. On November 27, 2006 I attended the Scheduling Conference before Judge Guilford. At that time he adopted the class certification briefing schedule proposed by the parties.

3. On May 9, 2007 I attended a Status Conference before Judge Wu. At that time the parties informed Judge Wu that motions to consolidate the *Berger* action and *Guardado v. The Home Depot U.S.A. Inc.* were pending before Judge Otero. The parties also expressed the need to reset the class certification briefing schedule in light of the motions to consolidate. Judge Wu decided to set another Status Conference for May 31, 2007 and indicated the parties could submit a revised class certification briefing schedule at that time.

4. On May 16, 2007 the *Berger* action was transferred from Judge Wu to Judge Otero. As a result of the transfer order, the May 31, 2007 Status Conference did not occur before Judge Wu. Shortly thereafter, the parties met to develop a revised schedule for class certification and presented such schedule to the Judge Otero in the "Stipulation Re Amendment of Scheduling Order."

5. On September 7, 2007, Judge Otero approved the stipulated schedule, but *sua sponte* made the class certification briefing contingent upon a showing that United States Central District Local Rule 23-3 had been complied with. After further filings on this issue, the Court ruled that there had been compliance with Local Rule 23-3 but that there had not been diligent seeking of compliance with the local rule after consolidation (although the rule has no mention of having to repeat compliance).

6. On December 28, 2007, Plaintiffs filed a writ to the 9th Circuit of this decision. However, subsequent to being served with the writ, the district court remanded the matter to state court. As a result of the remand, the 9th Circuit dismissed the writ as moot.   Plaintiff submits this is a

---

**PLAINTIFF'S STATUS CONFERENCE REPORT**

9

1   recognition by the 9th Circuit of the fact that a local federal procedural rule does not, and cannot,

2   have any effect in allowing or precluding a class certification motion in California state court.

3          I declare under penalty of perjury under the laws of the United States of America that the

4   foregoing is true and correct

5          Executed May 23, 2008, at Los Angeles, California.

6

7                                                          Craig Woodburn

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PLAINTIFF'S STATUS CONFERENCE REPORT**
10

EXHIBIT A

23

# Exhibit  A



FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

OCT 1 9 2006

CENTRAL DISTRICT OF CALIFORNIA
BY                      DEPUTY

Prrority
Send

1

2

3

4

5

6

7

8               UNITED STATES DISTRICT COURT

9          FOR THE CENTRAL DISTRICT OF CALIFORNIA

10

11   BENJAMIN BERGER, individually        )    CASE NO. SACV 06-757 AG (RNBx)
     and on behalf of all other similarly )
12   situated and the general public,     )
                                          )    ORDER DENYING IN PART AND
13               Plaintiff,               )    GRANTING IN PART MOTION TO
                                          )    DISMISS COMPLAINT FOR
14         v.                             )    FAILURE TO STATE A CLAIM
                                          )    UPON WHICH RELIEF CAN BE
15   THE HOME DEPOT U.S.A., INC., a       )    GRANTED
     Delaware Corporation, dba The Home   )
16   Depot and DOES 1 through 50,         )
     inclusive.                           )
17                                        )
                 Defendant(s).            )
18   _____

19

20         Defendant's motion to dismiss Plaintiff's complaint under Federal Rule of Civil

21   Procedure 12(b)(6) is DENIED in part and GRANTED in part.

22
     **BACKGROUND**
23

24
           Plaintiff Benjamin Berger ("Plaintiff") is a California citizen and a resident of Orange
25
     County. (Compl. ¶ 7.) Plaintiff alleges that Defendant Home Depot U.S.A., Inc. ("Defendant")
26
     is a "home improvement retailer" that operates in California. (Compl. ¶¶ 2, 8.) Plaintiff alleges
27
     that as part of Defendant's offered services, Defendant engages in tool and equipment rentals.
28

DOCKETED.COM

OCT 2 0 2006

BY                   178

(21)

EXHIBIT A

25

1 │ (Compl. ¶ 3.)  Plaintiff alleges that Defendant operates 814 Tool Rental Centers in stores across

2 │ the United States, and 79 in California.  (Compl. ¶ 13.)

3 │     Plaintiff alleges that on April 17, 2004, Plaintiff rented a compound miter saw and other

4 │ tools from Defendant.  (Compl. ¶ 14.)  Plaintiff claims that Defendant gave him a "standard

5 │ rental agreement," which included a "Damage Waiver" charge.  (Compl. ¶ 15.)  Plaintiff alleges

6 │ that Defendant automatically included a ten-percent "Damage Waiver" charge for the tool

7 │ rentals without disclosing that the fee is an optional charge customers are not required to incur.

8 │ (Compl. ¶¶ 16, 25.)  Plaintiff alleges that Plaintiff paid for the "Damage Waiver" charge.

9 │ (Compl. ¶ 16.)

10 │     On July 11, 2004, Plaintiff first served Defendant with written notice of Defendant's

11 │ allegedly improper business practices.  (Memorandum of Points in Authorities in Support of

12 │ Motion to Dismiss Complaint for Failure to State a Claim Upon Which Relief Can Be Granted

13 │ ("Motion"), Exh. C.)  On July 12, 2004, Plaintiff filed a complaint in the Central District

14 │ alleging: (1) unlawful business practices in violation of the California Business & Professional

15 │ Code section 17200, et seq. ("UCL"); (2) violation of the Consumers Legal Remedies Act,

16 │ California Civil Code section 1750 ("CLRA"); (3) breach of contract; (4) unjust enrichment; and

17 │ (5) money had and received.

18 │

19 │ **LEGAL STANDARD**

20 │

21 │     Under Federal Rule of Civil Procedure 12(b)(6), a complaint must be dismissed when a

22 │ plaintiff's allegations fail to state a claim upon which relief can be granted.  The Court must

23 │ construe the complaint liberally, and dismissal should not be granted unless "it appears beyond

24 │ doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him

25 │ to relief."  Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see Balistreri v. Pacific Police Dep't,

26 │ 901 F.2d 696, 699 (9th Cir. 1990) (stating that a complaint should be dismissed only when it

27 │ lacks a "cognizable legal theory" or sufficient facts to support such a theory).  The Court must

28 │ accept as true all factual allegations in the complaint and must draw all reasonable inferences



1  from those allegations, construing the complaint in the light most favorable to the plaintiff.

2  Westland Water Dist. v. Firebaugh Canal, 10 F.3d 667, 670 (9th Cir. 1993); Balistreri, 901 F.2d

3  at 699. Dismissal without leave to amend is appropriate only when the Court is satisfied that the

4  deficiencies of the complaint could not possibly be cured by amendment. Jackson v. Carey, 353

5  F.3d 750, 758 (9th Cir. 2003) (citing Chang v. Chen, 80 F.3d 1293, 1296 (9th Cir. 1996)); Lopez

6  v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000); Polich v. Burlington Northern, Inc., 942 F.2d

7  1467, 1472 (9th Cir. 1991). When a plaintiff attaches exhibits to the complaint, those exhibits

8  may be considered as part of the pleadings. Cooper v. Bell, 628 F.2d 1208, 1210 (9th Cir. 1980).

9

10  **DISCUSSION**

11

12     1.     **PLAINTIFF'S CLAIMS UNDER CALIFORNIA BUSINESS AND**

13             **PROFESSIONS CODE SECTIONS §§ 17200 ET SEQ. (CALIFORNIA'S**

14             **UNFAIR COMPETITION LAW)**

15

16      Defendant claims that Plaintiff has not adequately alleged an Unfair Competition Law

17  ("UCL") claim. California's UCL prohibits unfair competition, which is defined as any

18  unlawful, unfair or fraudulent business or practice. Because the UCL is "written in the

19  disjunctive, it establishes three varieties of unfair competition – acts or practices which are

20  unlawful, or unfair, or fraudulent." Podolsky v. First Healthcare Corp., 50 Cal. App. 4th 632,

21  647 (1996). Plaintiff alleges violations of all three prongs of the UCL, (Plaintiff's Opposition to

22  Defendant Home Depot U.S.A., Inc.'s Motion to Dismiss ("Opposition") at p. 7-10), but because

23  the Court finds that Plaintiff has adequately alleged one prong, it does not reach all three.

24      The "unfairness" prong of the UCL is broad, but "the scope of the law is not unlimited.

25  Courts may not simply impose their own notions of the day as to what is fair or unfair . . . ."

26  Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co., 20 Cal. 4th 163, 182

27  (1999). The test of whether a business practice is unfair involves balancing the utility of the

28  defendant's conduct against the gravity of the alleged victim's harm. Id; Searle v. Wyndham

3


EXHIBIT A

1  <u>International, Inc.</u>, 102 Cal. App. 4th 1327, 1334 (2002). "An 'unfair' business practice occurs

2  when it offends an established public policy or when the practice is immoral, unethical,

3  oppressive, unscrupulous or substantially injurious to consumers. In general the 'unfairness'

4  prong has been used to enjoin deceptive or sharp practices." <u>Id.</u>

5      Here, the Court finds that Plaintiff has alleged sufficient facts to plead an unfair business

6  practice. Plaintiff alleged with particularity that the challenged transactions involved a policy of

7  automatically including a 10% "Damage Waiver" fee in the invoice for all tool and equipment

8  rental transactions, "thereby deceptively suggesting the Damage Waiver fee was a mandatory

9  obligation which Plaintiff and class members had to pay." (Compl. at ¶ 25.) Plaintiff alleges

10  that the optional nature of the payment was concealed. (<u>Id.</u>) Further, Plaintiff has adequately

11  alleged reliance on the failure to disclose the optional nature of the damage waiver when the

12  waiver was purchased. (Compl. ¶ 16.) At this pleading stage, the Court finds that Plaintiff has

13  sufficiently alleged this claim to survive a motion to dismiss. Defendant's Motion to Dismiss

14  Plaintiff's UCL claim is DENIED.

15

16      2.    **PLAINTIFF'S CLAIM UNDER CALIFORNIA'S CONSUMER LEGAL**

17             **REMEDIES ACT**

18

19      The California Consumer Legal Remedies Act ("CLRA") makes illegal "unfair

20  competition and unfair or deceptive acts or practices undertaken by any person in a transaction

21  intended to result or which results in the sale or lease of goods or services to any consumer."

22  Cal. Civ. Code § 1770(a). Defendant first asserts that Plaintiff's CLRA claim is barred by

23  Plaintiff's failure to comply with the notice provisions of section 1782. Under California Civil

24  Code section 1782(b):

25        "Thirty days or more prior to the commencement of an action for damages

26        pursuant to this title, the consumer shall do the following:

27           (1)   Notify the person alleged to have employed or committed

28               methods, acts, or practices declared unlawful by Section 1770

4



1                      of the particular alleged violations of Section 1770.

2          (2)       Demand that the person correct, repair, replace, or otherwise

3                    rectify the goods or services alleged to be in violation of

4                    Section 1770. . . ."

5 Defendant argues that Plaintiff has prayed for the relief of compensatory and punitive damages

6 within less than thirty days of giving Defendant notice. (Prayer for Relief ¶¶ B, H.) Defendant

7 also states that none of Plaintiff's other claims permit recovery for compensatory or punitive

8 damages. (Motion at p. 15.) Plaintiff responds that he specifically listed his intention to claim

9 compensatory and punitive damage relief after the notice period past (Compl. ¶ 34), and his

10 prayer for relief "does not negate" this intention but rather "generally prays for damages for

11 other causes of action." (Opp. at p. 13.) The parties have submitted additional argument to the

12 Court, but the Court only considers the allegations within the Complaint in making its

13 determination.

14        In construing the Complaint in the light most favorable to the Plaintiff, the Court finds

15 that Plaintiff has not prayed for impermissible damages under the CLRA. The Plaintiff was

16 required to pray for damages under numerous state statutes, which Plaintiff alleges that

17 Defendant has violated. This conclusion is supported by Plaintiff's allegations specifying his

18 intent to amend the complaint to seek such damages under the CLRA after thirty days had

19 passed. Thus, Plaintiff has complied with the notice provisions of California Civil Code section

20 1782.

21        Second, Defendant claims that "Plaintiff has not alleged that he was actually deceived by

22 Home Depot's conduct, and he also does not allege that other consumers are likely to be

23 deceived by Home Depot's alleged failure to disclose that the damage waiver is optional."

24 (Motion at p. 17.) Further, Defendant argues that Plaintiff's allegation that Defendant concealed

25 the optional nature of the damage waiver is plainly contradicted by the Rental Agreement.

26 (Motion at p. 18.) The Court disagrees.

27        Plaintiff has alleged that he was deceived by Defendant's actions, and that Defendant's

28 actions are generally deceptive to consumers. (Compl. at ¶¶ 4, 21, 25, 31, 35.) Plaintiff has also



1  raised factual allegations demonstrating that the optional nature of the damage waiver is not

2  contradicted by the Rental Agreement. (Id. at ¶ 16.)  At this pleading stage, the Court finds that

3  Plaintiff has sufficiently alleged this claim to survive a motion to dismiss.  Defendant's Motion

4  to Dismiss Plaintiff's CLRA claim is DENIED.

5

6       3.      **PLAINTIFF'S BREACH OF CONTRACT CLAIM**

7

8       Defendant argues that Plaintiff has not alleged a breach of contract claim because there is

9  no basis for implying a promise not to impose optional Damage Waiver rental charges without

10 informing Plaintiff and the class members of the optional nature of the charge. (Motion at p. 8.)

11 Defendant claims that if a claim for the breach of the implied covenant of good faith and fair

12 dealing is linked to a contract, the terms of the contract control.  (Id.)  The Court agrees.

13 Defendant's Motion to Dismiss the breach of contract claim is GRANTED with leave to amend.

14 If Plaintiff desires to do so, it shall file an amended complaint within 21 days of this order

15 setting forth adequate allegations against Defendant.  The amended complaint shall be complete

16 in and of itself, and shall not incorporate by reference any prior pleading.

17

18      4.      **PLAINTIFF'S UNJUST ENRICHMENT CLAIM**

19

20      Plaintiff claims that Defendant has been unjustly enriched by the Plaintiff and the class.

21 (Compl. ¶¶ 37-39.) Defendant alleges that the signing of the Rental Agreement precludes an

22 unjust enrichment claim because the transaction at issue is governed by the specific contractual

23 provisions. (Motion at p. 10-11.) ·At this pleading stage, the Court disagrees.  Defendant's

24 Motion to Dismiss the unjust enrichment claim is DENIED.

25

26      5.      **PLAINTIFF'S MONEY HAD AND RECEIVED CLAIM**

27

28      A cause of action is stated for money had and received if "the defendant is indebted to the

6



1    plaintiff in a certain sum for money had and received by the defendant for the use of the

2    plaintiff." <u>Schultz v. Harney</u>, 27 Cal. App. 4th 1611, 16523 (Cal. Ct. App. 1994). Defendant

3    states that a "money had and received action can be based upon money paid by mistake, money

4    paid pursuant to a void contract, or a performance by one party of an express contract." (Motion

5    at p. 11.) Defendant argues that the Complaint fails to allege such a claim. (<u>Id</u>. at p. 11-12.) At

6    this pleading stage, the Court finds for the Plaintiff. Defendant's Motion to Dismiss the Money

7    and Received Claim is DENIED.

8

9    **<u>DISPOSITION</u>**

10

11       To the extent stated above, Defendant's motion to dismiss is DENIED in part and

12    GRANTED in part.

13

14

15    IT IS SO ORDERED.

16    DATED: October 18, 2006

17

18 

19            Andrew J. Guilford
          United States District Judge

20

21

22

23

24

25

26

27

28



31

PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES
**Benjamin Berger v. The Home Depot USA Inc.**
**CASE NO. SACV 06-757 SJO (PLAx)**

I am employed by the Kick Law Firm, APC, in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 900 Wilshire Blvd., Suite 230, Los Angeles, California 90017.

On May 23, 2008, I served the foregoing document described as **PLAINTIFF BENJAMIN BERGER'S CONFERENCE REPORT** on the parties indicated below:

Allan E. Ceran, Esq.
Burke, Williams & Sorenson, LLP
444 South Flower Street, Suite 2400
Los Angeles, CA 90071-2953
Tel: (213) 236-0600
Fax: (213) 236-2700

Dwight J. Davis, Esq.
S. Stewart Haskins, II, Esq.
Frederica J. White, Esq.
King & Spalding, LLP
1180 Peachtree Street, N.E.
Atlanta, Georgia 30309
Phone: (404) 572-4600
Fax: (404) 572-5140

_____ BY PERSONAL SERVICE – I caused personal delivery by ATTORNEY SERVICE of said document(s) to the offices of the addressee(s) as set forth on the attached mailing list.

__x__ FACSIMILE – I transmitted it to a facsimile machine maintained by the person on whom it is served at the facsimile machine telephone number as last given by that person on any document which he or she has filed in the cause and served on the party making the service, as indicated below. The facsimile was transmitted from my business address, using the fax machine whose number is 213-624-1589, at approximately _____ am/pm. The document was transmitted by facsimile transmission and that the transmission was reported as complete and without error.

__x__ BY UNITED STATES MAIL – I deposited the sealed envelope with postage thereon fully prepaid in the United States mail at Los Angeles, California.

_____ BY OVERNIGHT DELIVERY SERVICE - I caused such envelope to be deposited with an overnight delivery service (Overnight Express/Federal Express) for delivery the next court day, or at most, within two court days of the above date.

I declare under the penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed this May 23, 2008.

_____
Manuel D. Garcia

32

# NOTICE OF FILING OF NOTICE OF REMOVAL

# EXHIBIT B

1    Taras P. Kick (State Bar No. 143379)
     e-mail: taras@kicklawfirm.com
2    Graig R. Woodburn (State Bar No. 134097)
     e-mail: graig@kicklawfirm.com
3    Matthew E. Hess (State Bar No. 214732)
     e-mail: matthew@kicklawfirm.com
4    Thomas A. Segal (State Bar No. 222791)
     e-mail: thomas@kicklawfirm.com
5    **THE KICK LAW FIRM, APC**
     900 Wilshire Boulevard, Suite 230
6    Los Angeles, California 90017
     Telephone:   (213) 624-1588
7    Facsimile:   (213) 624-1589

8    Counsel for Plaintiff BENJAMIN BERGER

**ELECTRONICALLY FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CIVIL COMPLEX CENTER

**Apr 30 2010**

ALAN CARLSON, Clerk of the Court
by E. BLOMBERG

10            **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

11                    **COUNTY OF ORANGE**

13    BENJAMIN BERGER, individually and on
behalf of all others similarly situated and the
14    general public,

15             Plaintiff,

16        vs.

17    THE HOME DEPOT USA INC., a Delaware
corporation, d/b/a The Home Depot, and
18    DOES 1 through 50, inclusive,

19             Defendants.

Case No. 06CC00139

Hon. Thierry Patrick Colaw, Dept. CX104

**PLAINTIFF'S STATUS CONFERENCE STATEMENT**

Date:        May 5, 2010
Time:       10:30 a.m.
Dept.:      CX104

**EXHIBIT B**

I.      **Discovery.**

The status of discovery is as follows:

1.  **Written Discovery**

Plaintiff might require the Court's assistance with electronic discovery issues.

That is because just this week -- on Tuesday, April 27, 2010 -- Home Depot made the stunning admission that it has destroyed all of its e-mails prior to 2005, including emails relevant to plaintiff's outstanding discovery requests.[1]  This destruction of evidence occurred even though litigation regarding Home Depot's tool rental "protection/insurance" was pending in 2005.

Plaintiff learned of this during a conference call with plaintiff's electronic discovery consultant, Ronald Kaplan, and two of Home Depot's IT personnel, Harold Gilchrist and Mark Brown.  The call occurred as a result of plaintiff having voluntarily taken off calendar his two motions to compel written discovery which had been scheduled to be heard on April 30, 2010, in a further effort to try to resolve the dispute informally without the need for court intervention.

Compounding the problem of no pre-2005 emails, the day after the conference call, Home Depot reversed gears on its prior promise to provide plaintiff's electronic discovery expert information regarding its file server (which is what contains Home Depot's document management system), and its intranet (which contains other relevant documents, including its tool rental application).  (See Exhibit "A.")  Mr. Kaplan requested this information in furtherance of plaintiff's hope to avoid involving this Court in electronic discovery, as this information would allow Mr. Kaplan to propose an efficient plan to Home Depot to search for electronic documents.

Plaintiff still hopes to reach an agreement with Home Depot on electronic discovery without having to involve this Court, and intends to propose that the parties voluntarily agree to utilize a discovery protocol similar to one recently endorsed by the Fourth Appellate District in Doppes v. Bentley Motors, Inc., 174 Cal.App.4th 967 (2009).  In that case, the trial court "…required Bentley to provide access, via computer terminal, to its e-mail files to Doppes's

---

[1] It is starting to appear that Home Depot also failed to preserve the C drives of employees likely to have relevant documents notwithstanding California cases requiring a litigation hold to have been in place preserving these C drives.  To date, Home Depot has stated it has no information the C drives have been preserved, but has not unambiguously stated they have not been preserved.

1

**EXHIBIT B**

34

1   attorney, Steven Brower, before June 25 and [ordered that] Brower be permitted to 'data-mine'

2   the e-mail files for references to the odor problem and to copy e-mails" Id. at 979.

3        Here, Plaintiff intends to propose the following:

4       1.  Plaintiff's computer consultant, Ronald Kaplan, under the supervision of Home

5          Depot's IT personnel, make mirror image copies of the C drives of a reasonable

6          number of Home Depot employees likely to have information relevant to the issues in

7          this case.  Word searches with such phrases as "tool rental" and "insurance/damage

8          protection" would then be performed on these imaged C drives by Mr. Kaplan for

9          relevant documents.  Plaintiff would be amenable to having these imaged hard drives

10         stored under the supervision of a Discovery Referee in Orange County with a highly

11         regarded third party neutral organization such as JAMS.

12      2.  Home Depot will provide plaintiff's computer expert Mr. Kaplan with a directory

13         listing of its file server, and within a short time after receiving that, plaintiff's counsel

14         and Mr. Kaplan., similar to the procedure specified by the Doppes court, will be

15         provided access to Home Depot's servers and other relevant media on which its

16         electronic documents and emails exist, and conduct word searches formulated to elicit

17         relevant documents from these locations.  Mr. Kaplan and Home Depot's IT personnel

18         will use an automated program to search for these terms; the documents or e-mail

19         messages found would be downloaded to CD.

20      Plaintiff intends to further meet and confer with Home Depot in the hope that this

21  proposal will permit the parties to informally resolve the issues raised therein without the need for

22  intervention by the Court.

23      With regard to other written discovery, Home Depot yesterday asked for an extension of

24  time to respond to other written discovery which plaintiff has outstanding, and plaintiff granted

25  this extension. The discovery would have been due today, but as a result of the extension granted

26  by plaintiff to Home Depot is now instead due on May 14, 2010.

27      Plaintiff has responded to all of Home Depot's written discovery.

28

2

EXHIBIT B

2. <u>Depositions</u>

   a. **Home Depot**

To date, Defendant Home Depot USA, Inc. ("Home Depot") has appeared for one (1) deposition, which took place last month. Home Depot was scheduled to produce a second witness for deposition, but cancelled the deposition just before it was to take place; the parties will cooperatively reschedule it.

Plaintiff intends to take additional depositions of key Home Depot tool rental personnel, but for the sake of efficiency wishes to ensure that the very important issue of electronic discovery is settled before additional witnesses are deposed as plaintiff would like to have the benefit of these potentially important electronic documents to be able to use at the depositions.

   b. **Plaintiff**

Plaintiff Benjamin Berger previously appeared for his deposition and it was completed.

3. **Production of Documents**

   a. **Home Depot**

To date, Home Depot has produced approximately 1,250 pages of documents. Home Depot is scheduled to produce additional documents on Friday, May 7.

   b. **Plaintiff**

Plaintiff's production of documents is complete.

4. **Motions to Compel**

Plaintiff will meet and confer with Home Depot regarding the electronic discovery issues set forth in section I. of this Report with the goal of avoiding the need for a motion. However, a motion might be necessary, including the appointment by this Court of a referee or other judicial officer to act as the custodian for imaged hard drives. Plaintiff voluntarily withdrew his motions to compel regarding Home Depot's responses to Plaintiff's First and Second Sets of Requests for Production which were set for April 30, 2010, and hopes that the parties will be able to resolve their differences without the need to re-file them.

**II.**    **Dispositive Motions**

Plaintiff respectfully suggests that this Court set a motion cut-off date of December 1,

3

EXHIBIT B

1    2010.

2    **III.**    <u>Trial</u>

3       Plaintiff respectfully suggests that this case will be ready for trial by March 1, 2011.

4                  THE KICK LAW FIRM, APC

5    Dated: April 30, 2010       By:     /s/ Taras Kick

6                      Taras P. Kick, Esq.
                       Graig R. Woodburn, Esq.

7                      Matthew E. Hess, Esq.
                       Thomas A. Segal, Esq.

8                      Attorneys for Plaintiff
                     Benjamin Berger and the Putative Class

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4

37

**EXHIBIT B**

# EXHIBIT A

EXHIBIT B

**THE KICK LAW FIRM**
A Professional Corporation
900 Wilshire Boulevard, Suite 230
Los Angeles, California 90017
213 624 1588 / Fax 213 624 1589

April 28, 2010

<u>Sent Via Email and U.S. Mail</u>
S. Stewart Haskins, Esquire
KING & SPALDING, LLP
1180 Peachtree Street, N.E.
Atlanta, Georgia 30309

Re:   <u>Berger v. Home Depot USA, Inc.</u>,  O.C.S.C. Case No. 06CC0139

Dear Stewart:

The purpose of this letter is to document my conversation of earlier today with your associate Edward Sohn, and to do so accurately so that we may proceed intelligently.

First, Ed has advised me that your client Home Depot will not informally provide us with any further information regarding its document management system.  This includes that Home Depot will not allow our computer consultant Ronald Kaplan to ask any further questions of Home Depot's two computer IT people that were on yesterday's call, Harold Gilchrist and Mark Brown, even if Mr. Kaplan feels he needs this information to formulate the most efficient electronic document search plan possible to propose to Home Depot.  This refusal by Home Depot is contrary to Mr. Gilchrist's statement yesterday that he is indeed able to obtain this additional information, and contrary to Ed's statement during yesterday's call that this information *would* be provided by either Harold Gilchrist and/or Mark Brown during our next conference call.

Second, with regard to the tool rental system application, Ed stated that your client Home Depot will allow no further questions by Mr. Kaplan on this issue either, but will provide further information on this issue in response to outstanding discovery we have served, responses to which are not yet due.  This again is contrary to what was agreed during yesterday's call, including that Harold Gilchrist stated he is the one who is personally responsible for backing this information up and would get further information regarding its details for our next call.

The above two developments, for which I do not fault either Ed or you, as it is apparent these are instructions you are following from Home Depot, nonetheless will make it much more challenging for Mr. Kaplan to propose the most efficient electronic discovery protocol possible.



39

S. Stewart Haskins, Esquire                                                        2
Re: <u>Berger v. Home Depot USA, Inc.</u>, O.C.S.C. Case No. 06CC0139
April 28, 2010

Finally, with regard to the catalogue of 32,000 tapes that Mr. Gilchrist stated during yesterday's
conference call does indeed exist, Ed told me today that Home Depot would provide that to us,
but he did not know by when.  Ed said he will let me know by Friday as to by when Home Depot
will provide that to us.  It had been my hope the actual catalogue, in some sort of electronic
format, would be provided by Friday.


Please let me know if Home Depot reconsiders the position it announced about not allowing any
further questions by Mr. Kaplan regarding its document management system or tool rental
application.  Thank you for your attention.


                            Very truly yours,

                                  /s/

                              Taras Kick

cc:    Edward Sohn, Esquire
       Matthew Hess, Esquire
       Thomas Segal, Esquire
       Graig Woodburn, Esquire
       Ronald Kaplan



PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF ORANGE
**Benjamin Berger v. The Home Depot USA Inc.**
**CASE NO. 06CC00139**

I am employed by the Kick Law Firm, APC, in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 900 Wilshire Blvd., Suite 230, Los Angeles, California 90017.

On April 30, 2010, I served the foregoing document described as **PLAINTIFF BENJAMIN BERGER'S STATUS CONFERENCE STATEMENT** on the parties indicated below:

| | |
|---|---|
| Allan E. Ceran, Esq. | Dwight J. Davis, Esq. |
| **Burke, Williams & Sorensen, LLP** | S. Stewart Haskins, II, Esq. |
| 444 South Flower Street, Suite 2400 | Frederica J. White, Esq. |
| Los Angeles, CA  90071-2953 | **King & Spalding, LLP** |
| Tel: (213) 236-2837 | 1180 Peachtree Street, N.E. |
| Fax: (213) 236-2700 | Atlanta, Georgia 30309 |
| aceran@bwslaw.com | Phone: (404) 572-4600 |
| | Fax: (404) 572-5140 |
| | ddavis @kslaw.com |
| | shasklins@kslaw.com |
| | jwhite@kslaw.com |

X___ BY UNITED STATES MAIL – I deposited the sealed envelope with postage thereon fully prepaid in the United States mail at Los Angeles, California.

X__ **BY ELECTRONIC SERVICE** - CRC 2060(c) The document was served by electronic transfer upon the party(ies) listed above using their e-mail address(es) as shown above. Each transmission was reported as complete and without error.

I declare under the penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed this April 30, 2010.


_____/s/ Kathleen Guinses_____
KATHLEEN GUINSES



EXHIBIT B

41

# NOTICE OF FILING OF NOTICE
# OF REMOVAL

# EXHIBIT C

1  Taras Kick (State Bar No. 143379)
   Graig Woodburn (State Bar No. 134097)
2  Thomas Segal (State Bar No. 222791)
   The Kick Law Firm, APC
3  900 Wilshire Blvd., Suite 230
   Los Angeles, California 90017
4  Phone: (213) 624-1588
   Fax: (213) 624-1589
5
6  Counsel for Plaintiff,

RECEIVED

JUN -8 2009

BURKE, WILLIAMS & SORENSEN, LLP

7              SUPERIOR COURT OF THE STATE OF CALIFORNIA

8                     FOR THE COUNTY OF ORANGE

9

10  Benjamin Berger, individually and on behalf )   CASE NO. 06CC00139
    of all others similarly situated and the general )
11  public,                                        )   THIRD AMENDED CLASS ACTION
                                                   )   COMPLAINT FOR:
12                      Plaintiff,                  )
                                                   )   (1)   VIOLATION OF THE
13  vs.                                            )         UNFAIR COMPETITION
                                                   )         LAW, CALIFORNIA BUSINESS AND
14  The Home Depot U.S.A. Inc., a Delaware        )         PROFESSIONS CODE
    Corporation, dba The Home Depot and Does )            SECTION 17200
15  1 through 50, inclusive,                       )
                                                   )   (2)   VIOLATION OF CONSUMER
16                      Defendants,                 )         PROTECTIONS STATUTES,
                                                   )         INCLUDING THE CALIFORNIA
17                                                 )         CONSUMERS  LEGAL REMEDIES
                                                   )         ACT, CALIFORNIA CIVIL CODE
18                                                 )         SECTION 1750
                                                   )
19                                                 )   (3)   UNJUST ENRICHMENT
                                                   )
20                                                 )   (4)   MONEY HAD AND RECEIVED
                                                   )
21                                                 )   (5)   BREACH OF CONTRACT
                                                   )
22                                                 )   **DEMAND FOR JURY TRIAL**
                                                   )
23                                                 )   Dept.: CX 104
                                                   )
24  _____  )   The Honorable Thierry Patrick Colaw

25

26

27          Plaintiff, by his attorneys, brings this action on behalf of himself, all others similarly situated

28  and the general public against The Home Depot U.S.A. Inc., dba The Home Depot  ("Home Depot").

1

EXHIBIT C

NATURE OF THE ACTION

1.      This is a class action against Home Depot for violation of the California Unfair Competition Law (*California Business and Professions Code* Section 17200 *et seq*), and other consumer protection laws.  Plaintiff bring this action on behalf of the general public and all similarly situated individuals who paid a ten-percent (10%) "Damage Waiver" to Home Depot when they rented tools and other equipment.

2.      By it own description, Home Depot is the world's largest home improvement retailer, and the second largest overall retailer in the United States, with sales of $81.5 billion and net earnings of $5.8 billion for fiscal 2005.

3.      As part of its success, in recent years Home Depot has greatly expanded the tool and equipment rental segment of its business, nearly doubling the number of Tool Rental Centers it operated in stores worldwide from 601 in 2002, to a projected 1,186 for fiscal 2005.

4.      Unfortunately, these Tool Rental Centers are also generating a portion of Home Depot's profits through deceptive and unfair  imposition of a ten-percent "Damage Waiver" fee that is automatically added to the customer's rental charge. This "Damage Waiver" is supposed to be an optional charge that relieves the customer of liability for accidental damage to the rental tool. But Home Depot systematically fails to tell customers the ten-percent "Damage Waiver" they have been automatically assessed is an optional charge that they are not required to pay. Instead, Home Depot simply applies the charge and thereby increases its profit margin at the expense of its customers.

**JURISDICTION AND VENUE**

5.      This court has jurisdiction over this class action and all causes of action herein pursuant to the California Constitution, Article IV, Section 10 and California Business and Professions Code § 17204. Home Depot is qualified to do business and doing business in California or does sufficient business in California, has sufficient minimum contacts in California or otherwise intentionally avails itself of the laws and markets of California by providing products and services in the state.

6.      Venue is proper in this Court because Home Depot operates within this judicial district and the transactions with Plaintiff complained of herein occurred in Orange County.

CLASS ACTION COMPLAINT

EXHIBIT C

PARTIES

7.     Plaintiff Benjamin Berger is a citizen of the State of California and a resident of Orange County.

8.     Defendant The Home Depo is a Delaware Corporation that operates in California and throughout the United States.

9.     Plaintiff is currently ignorant of the true names and capacities, whether individual, corporate, associate, or otherwise, of the defendants sued herein under the fictitious names Does 1 through 50, inclusive, and therefore, sue such defendants by such fictitious names. Plaintiff will seek leave to amend this complaint to allege the true names and capacities of said fictitiously named defendants when their true names and capacities have been ascertained. Plaintiff is informed and believes and thereon alleges, that each of the fictitiously named Doe defendants is legally responsible in some manner for the events and occurrences alleged herein, and for the damages suffered by the class.

10.     Plaintiff is informed and believes and thereon alleges that all defendants, including the fictitious Doe defendants, were at all relevant times acting as actual agents, conspirators, ostensible agents, partners and/or joint venturers and employees of all other defendants, and that all acts alleged herein occurred within the course and scope of said agency, employment, partnership, and joint venture, conspiracy or enterprise, and with the express and/or implied permission, knowledge, consent, authorization and ratification of their co-defendants; however, each of these allegations are deemed "alternative" theories whenever not doing so would result in a contradiction with the other allegations.

CLASS DEFINITIONS

11.     Plaintiff brings this action as a class action pursuant to Code of Civil Procedure Section 382 on behalf of himself and the following proposed class:

> "All persons who are California residents and who from on or after July 12, 2002 paid a Damage Waiver charge while renting tools or equipment from Home Depot."

FACTUAL ALLEGATIONS

12.     Plaintiff is informed and believes and thereon alleges that Home Depot operates 814

3

EXHIBIT C

1   Tool Rental Centers in stores across the United States, including 79 in the State of California.

2        13.   Plaintiff rented a compound miter saw and other tools from the Home Depot store

3   located in Costa Mesa, California on April 17, 2004.

4        14.   At the time Plaintiff rented these tools, Home Depot had a standard Rental Agreement

5   which included a charge for a "Damage Waiver." This charge is uniformly ten percent (10%) of the

6   total rent charge, exclusive of sales tax.

7        15.   The "Damage Waiver" charge was automatically included in plaintiff's rental invoice.

8   Home Depot did not disclose that the "Damage Waiver" was optional, therefore Plaintiff paid the

9   "Damage Waiver."A copy of Plaintiff's receipt with the damage waiver charge is attached as Exhibit

10  "A."

11  CLASS ALLEGATIONS

12       16.   Plaintiff brings this action in his own capacity on behalf of all California residents who

13  from on or after July 12, 2002 paid a Damage Waiver charge while renting tools or equipment from

14  Home Depot.

15       17.   The class is believed to comprise many thousands of consumers in California, the

16  joinder of whom is impracticable, and for whom class treatment will provide substantial benefit to the

17  parties and the court system. There is a well-defined community of interest in the questions of law and

18  fact that affects Plaintiff and the proposed class members. Common questions of law and fact

19  predominate over any questions that may affect class members individually. The common questions

20  include, *inter alia,*

21

22       (a)   Whether Home Depot has a policy of automatically including a damage waiver

23            charge in all Rental Agreements without first asking customers if they wish to

24            purchase the protection;

25       (b)   Whether Home Depot has a policy of automatically including Damage Waiver

26            charges in all Rental Agreements without disclosing that the charge is optional;

27       (c)   Whether Home Depot's policy of automatically including Damage Waiver

28            charges in all Rental Agreements without asking customers if they wish to

4

CLASS ACTION COMPLAINT

EXHIBIT C

purchase that protection is an unfair business practice that violates California Business and Professions Code § 17200;

(e)     Whether Home Depot's policy of automatically including Damage Waiver charges in all Rental Agreements without disclosing that the charge is optional is an unfair business practice that violates California Business and Professions Code § 17200.

(f)     Whether  Home Depot's policy of automatically including Damage Waiver charges in all Rental Agreements without asking customers if they wish to purchase that protection violates consumer protection statutes;

(g)     Whether Home Depot's policy of automatically including Damage Waiver charges in all Rental Agreements without disclosing that the charge is optional violates consumer protection statutes.

(h)     Whether Home Depot has been unjustly enriched by the inclusion of the Damage Waiver charge.

18.     The claims or defenses to Plaintiff's claims are typical of the claims or defenses to the claims of the class as more fully described below. They also arise from the same event and/or practice or pattern of the Defendant and are based upon the same legal theory.

19.     Plaintiff will fairly and adequately protect the class' interest and has retained counsel competent and experienced in class-action litigation. Plaintiff's interests are coincident with and not antagonistic to absent class members interests.  Plaintiff is also cognizant of, and determined to, faithfully discharge his fiduciary duties to the absent class members as the class representative.

20.     The class action is superior to other available methods for the fair and efficient adjudication of this controversy, because the class members number in the thousands and joinder is impracticable. The expense and burden of individual litigation would make it impracticable or impossible for class members to prosecute their claims individually. Class treatment will ensure optimal compensation for the class and limit each class member's expense and conserve judicial resources.

1   21.   Unless a class is certified, Home Depot will retain monies received as result of their

2   damage waiver scheme. Plaintiff is informed and believes and thereon alleges that defendants' officers,

3   directors or managing agents were aware of, had actual knowledge of and ratified the prohibited acts

4   alleged herein.

5   ### FIRST CAUSE OF ACTION

6   ### FOR VIOLATION OF CALIFORNIA BUSINESS

7   ### AND PROFESSIONS CODE 17200

8   23.   Plaintiff realleges and incorporates the preceding allegations and paragraphs by

9   reference as if set forth fully herein.

10   24.   Plaintiff brings this cause of action on behalf of himself, on behalf of the class, and in

11   his capacity as a private attorney general.

12   25.   During the last four years, Home Depot has engaged in unfair business practices as set

13   forth above. Home Depot has automatically included a ten-percent (10%) Damage Waiver fee in the

14   invoice for all tool and equipment rental transactions, thereby deceptively suggesting the Damage

15   Waiver fee was a mandatory obligation which Plaintiff and class members had to pay. In furtherance of

16   this wrongdoing, Home Depot concealed that the Damage Waiver was actually an optional charge that

17   plaintiff and class members were not obligated to pay.

18   26.   By engaging in the above described acts and practices, Defendant has committed one or

19   more acts of unfair competition within the meaning of Civil Code Section 1770 and Bus. & Prof. Code

20   Section 17200 *et seq.* As a result of these acts and practices by Defendant, the plaintiff and the class

21   members have lost money or property.

22   27.   Plaintiff, on behalf of himself and on behalf of the Class and the general public, seeks

23   an order of this Court awarding restitution, injunctive relief and all other relief allowed under Bus. &

24   Prof. Code Sections 17200 *et seq.*, plus interest, costs, attorney's fees pursuant to, *inter alia*, Code of

25   Civ. Proc. Section 1021.5.

26   ### SECOND CAUSE OF ACTION

27   ### FOR VIOLATION OF CONSUMER PROTECTION STATUTES,

28   ### INCLUDING CALIFORNIA'S CONSUMER LEGAL REMEDIES ACT

6

EXHIBIT C

47-

28.     Plaintiff repeats, realleges, and incorporates herein by reference each and every allegation contained in each of the preceding paragraphs as though fully incorporated herein and made a part hereof.

29.     This cause of action is brought pursuant to California's Consumers Legal Remedies Act, *California Civil Code* §§ 1750, *et seq.* (the "CLRA") and the additional consumer protection statutes identified below.

30.     Plaintiff and the Class members are individuals who rented tools and other equipment from Home Depot for personal, family, or household purposes.  Plaintiff and the Class members are therefore consumers within the meaning of the CLRA, *California Civil Code* § 1761(d).  Home Depot is a "person" as defined under the CLRA, *California Civil Code* § 1761.

31.     Defendant failed to disclose to Plaintiff and the Class members that it automatically added a damage waiver charge to every rental agreement or that such charge was optional. This practice deceptively suggested the Damage Waiver was a mandatory obligation which plaintiff and the class members had to pay.

32.     As a result of the use or employment by Defendants' of the aforementioned unlawful methods, acts and practices, Plaintiff and the Class members suffered damages.

33.     Plaintiff and the Class members seek restitution in the full amount of the damage waiver and/or disgorgement of Defendants' profits from the misconduct alleged herein, and any other relief which the Court deems proper.

34.     Plaintiff and the Class members further intend to seek compensatory damages and, in light of Defendant's willful and conscious disregard for the rights of Plaintiff and the Class members and in light of Defendant's intentional and fraudulent concealment of material facts, Plaintiff and the class members also intend to seek an award of punitive damages.  Pursuant to Civil Code § 1782(a), Plaintiff has served Defendant with notice of its alleged violations of the CLRA by certified mail return receipt requested.  A true and correct copy of that notice is attached as Exhibit B.

35.     Therefore, in accordance with Section 1782, Plaintiff is entitled to maintain an action for damages under Section 1780 of the CLRA (Cal. Civ. Code § 1780).  Plaintiff and the Class have all been directly and proximately damaged as a result of Home Depot's use or employment of the acts,

7

1  methods and practices enumerated in this Third Amended Complaint, and therefore, Plaintiff and the

2  Class members are entitled to bring this action against Home Depot and to recover and/or obtain relief

3  including (a) actual damages (b) an Order of this Court enjoining Home Depot from continuing such

4  methods, acts or practices, (c) restitution, (d) punitive damages, and (e) any other relief the Court

5  deems proper.

6

7  ## THIRD CAUSE OF ACTION

8  ### FOR UNJUST ENRICHMENT

9  36.   Plaintiff repeats and realleges the allegations set forth above as though fully set forth

10  here.

11  37.   Defendant received and will continue to receive millions of dollars as a result of the

12  misconduct alleged above.

13  38.   As a result, Plaintiff and the proposed class members have conferred a benefit on

14  Defendant. Defendant has knowledge of this benefit and has voluntarily accepted and retained the

15  benefit conferred on it. Defendant will be unjustly enriched should it be allowed to retain such funds.

16  ## FOURTH CAUSE OF ACTION

17  ### FOR MONEY HAD AND RECEIVED

18  39.   Plaintiff repeats and realleges the allegations set forth above, as though fully set forth

19  here.

20  40.   Defendant has obtained money from Plaintiff and the class members by the exercise of

21  undue influence, menace or threat, compulsion or duress, and/or mistake of law and/or fact.

22  41.   As a result, Defendant has in its possession money which in equity belongs to Plaintiff

23  and the class members which should be refunded to Plaintiff and the class members.

24  ## PRAYER FOR RELIEF

25  WHEREFORE,   Plaintiff, on behalf of himself, all others similarly situated, and the general public

26  prays for judgment against Defendant as follows:

27  A.   An order certifying the case as a class action and appointing Plaintiff and

28  his counsel to represent the class;

8

EXHIBIT C

B.      A judgement awarding Plaintiff and members of the class compensatory damages in an amount to be proven at trial, including compensatory damages under the Consumer Legal Remedies Act together with prejudgment interest at the maximum rate allowed by law;

C.      An order requiring Defendant to immediately cease its wrongful conduct as set forth above; enjoining Defendant from automatically assessing a damage waiver into rental agreements and from failing to disclose the optional nature of the damage waiver.

D.      Restitution and disgorgement of all amounts obtained by Defendant as result of their misconduct;

E.      Statutory penalties provided by law;

F.      Reasonable attorneys fees as permitted by law including but not limited to California Code of Civ. Proc. § 1021.5 and California Civil Code § 1780 (d)

G.      Costs of this suit;

H.      Punitive Damages including punitive damages under the Consumer Legal Remedies Act;

I.      Statutory pre-judgment interest; and

J.      Such other relief as the Court may deem proper.


Dated:          June 5, 2009                    THE KICK LAW FIRM


                                        By: _____

                                            Thomas Segal
                                            Counsel for Plaintiff

## DEMAND FOR JURY TRIAL

Plaintiff, individually and on behalf of all others similarly situated, hereby demands a trial by jury.

Dated: June 5, 2009

THE KICK LAW FIRM

By: _____
    Thomas Segal
    Counsel for Plaintiff

10

CLASS ACTION COMPLAINT

51

EXHIBIT C

EXHIBIT A

EXHIBIT C

52

# RENTAL AGREEMENT



Store 6664 COSTA MESA
2300 S HARBOR BLVD
COSTA MESA, CA 92626
(949) 764-1370

| Hours: | | | |
|---|---|---|---|
| Mon | 6:00 | - | 9:00 |
| Tue | 6:00 | - | 9:00 |
| Wed | 6:00 | - | 9:00 |
| Thu | 5:00 | - | 9:00 |
| Fri | 6:00 | - | 9:00 |
| Sat | 6:00 | - | 9:00 |
| Sun | 7:00 | - | 3:00 |

No.    154973

STAPLE REGISTER RECEIPT HERE

NO  REGISTER

RECEIPT

REQUIRED

**BILL TO**
BENJAMIN B BERGER
1804 W OCEANFRONT
NEWPORT BEACH, CA 92663
PHN (949) 355-4774

| Agent | | Driver's License Number | | Vehicle License | | Written By | |
|---|---|---|---|---|---|---|---|
| | | CA D3958875 | | | CA | | JAMES D |
| Job Number/Location | | Job Phone | | PO Number/Birthdate | | Checked In By | |
| 1804 W OCEANFRONT | | | | | | | |
| Date and Time Out | | Date and Time Due In | | Date and Time In | | Rental Period | |
| 04/17/2004 10:37 am | | 04/17/2004  2:37 pm | | | | | |

## RENTAL EQUIPMENT

| Part Number | Out | In | Description | Min Charge | Ex-Hours | Per Day | Per Week | Per Month | DW | Tax | Amount |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 0109001186 | 1 | 0 | Compound miter saw | 23.00 | 2.30 | 32.00 | 120.00 | 360.00 | Y | Y | 23.00 |
| 1183 | 1 | 0 | Dust Bag | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | Y | Y | 0.00 |
| 1185 | 1 | 0 | Socket Wrench #13 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | Y | Y | 0.00 |
| 1208 | 1 | 0 | Carbide tip blade-32T gen purpose | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | Y | Y | 0.00 |
| 1214 | 1 | 0 | Elbow for Dustbag | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | Y | Y | 0.00 |

Rental Subtotal    23.00

QUESTIONS? PROBLEMS?
(949) 764-1370
PLEASE CALL US IMMEDIATELY
BEFORE RETURNING TO THE STORE
FOR ASSISTANCE.
THANK YOU
COSTA MESA HOME DEPOT
TOOL RENTAL CENTER

## SAFETY MESSAGES

Compound miter saw
Caution; when operating unit wear eye protection.
Keep hands clear.

| | |
|---|---|
| Agreement Subtotal | 23.00 |
| Damage Waiver | 2.30 |
| Sales Tax | 1.78 |
| *Estimated Total | 27.08 |
| Deposit | 0.00 |

*ESTIMATED TOTAL IF RETURNED BY 04/17/2004 2:37 pm

# EXHIBIT C

# RENTAL AGREEMENT

No.   154973

I MAY NOT SUBLEASE THE EQUIPMENT OR TRANSFER THIS AGREEMENT OR ANY INTEREST HEREIN OR THE USE OR POSSESSION OF THE EQUIPMENT. IF I SHOULD DO SO, I WILL ASSUME ALL LIABILITY AND COMPENSATE YOU FOR ANY LOSS YOU SUFFER, AND I MAY BE DECLARED IN DEFAULT OF THIS AGREEMENT. NO WARRANTIES, EXPRESSED OR IMPLIED, INCLUDING WITHOUT LIMITATION SUITABILITY, DURABILITY, FITNESS FOR A PARTICULAR PURPOSE, MERCHANTABILITY, CONDITION, QUALITY OR FREEDOM FROM CLAIMS OF ANY PERSON BY WAY OF INFRINGEMENT OR THE LIKE, HAVE BEEN MADE BY YOU, DIRECTLY OR INDIRECTLY, IN CONNECTION WITH THE EQUIPMENT. I AM RENTING THE EQUIPMENT "AS IS". YOU SHALL NOT BE RESPONSIBLE FOR ANY LOSS, DAMAGE OR INJURY TO PERSONS OR PROPERTY CAUSED BY THE EQUIPMENT, WHETHER ARISING THROUGH YOUR NEGLIGENCE OR IMPOSED BY LAW. IN NO EVENT SHALL YOU BE LIABLE TO ME FOR INDIRECT, CONSEQUENTIAL OR SPECIAL DAMAGES, INCLUDING WITHOUT LIMITATION LOST USE, REVENUE OR PROFITS (UNLESS I AM A CONSUMER UNDER APPLICABLE LAW, IN WHICH CASE NO CONSEQUENTIAL DAMAGES LIMITATION FOR INJURIES TO PERSONS SHALL APPLY).

INDEMNIFICATION. I AGREE TO INDEMNIFY AND HOLD YOU, YOUR OFFICERS, AGENTS AND EMPLOYEES HARMLESS FROM AND AGAINST ALL LIABILITIES, CLAIMS, ACTIONS, PROCEEDINGS, DAMAGES, LOSSES, COSTS AND EXPENSES, INCLUDING ATTORNEYS' FEES, FOR ALL INJURIES OR DEATH OF ANY PERSON, OR DAMAGE TO ANY PROPERTY OCCURRING OR ARISING FROM OR CONNECTED WITH, DIRECTLY OR INDIRECTLY, MY POSSESSION, USE AND RETURN OF ANY OF THE EQUIPMENT (UNLESS I AM A CONSUMER UNDER APPLICABLE LAW, IN WHICH CASE NO CONSEQUENTIAL DAMAGES LIMITATION FOR INJURIES TO PERSONS SHALL APPLY).

Rent- Security, Additional Terms- Risk of Loss, Interest. I agree that the rental term is as shown herein, unless terminated or extended as provided herein. I agree to pay you as rent for the Equipment the sums due for the rental term and that rent for the rental term is due and payable upon execution of this agreement. I agree that no credit shall be due or payable for Equipment returned early. I agree that the security deposit (if applicable) will be credited against rental payments and other charges accruing hereunder only if I fully and faithfully perform all of the terms and conditions of this agreement. If I breach any such terms and conditions, the security deposit shall be retained by you as additional consideration and I shall be required to pay, in addition, all of the rentals and other charges to be paid by me. I agree not to retain the Equipment beyond the "Due In" time without prior notice to you (either by telephone to the number listed herein or in person) and your prior consent. I acknowledge that defraud Home Depot U.S.A., Inc. and is punishable by the Criminal Code in this State. Unless I otherwise agree at such time, you may immediately upon such consent charge my credit card account listed herein with the full rental amount for the additional rental term to which we agree. I agree that, upon execution of this agreement, I assume all risks of loss theft, damage or destruction, partial or complete of the Equipment from any and every cause whatsoever. I agree to pay interest on all unpaid sums due at the lower of the rate of eighteen Percent (18%) per annum or the highest rate permitted by applicable law.

Title; No Fixtures or Accessions. I acknowledge that the Equipment is and will at all times remain your property, and I shall keep it free and clear of all levies, liens, charges and encumbrances. I promise to pay, on demand, amounts required to release liens against the Equipment, or to pay any outstanding fines, penalties or fees applicable to use of the Equipment during the rental term. During the rental term, I agree not to part with possession or control of the Equipment or sell, pledge, mortgage or otherwise encumber the Equipment or any part of it, or assign or encumber any interest hereunder. I agree that the Equipment shall not be affixed (a) to real estate in such manner as to become a fixture or a part of real estate or (b) to other goods in such manner as to become an accession to or a part of such other goods.

Condition. I acknowledge that I have examined the Equipment, seen it in operation (if appropriate) and that its condition is acceptable. I agree to surrender the Equipment to you upon termination hereof, in as good order and condition as when received, except for reasonable wear and tear resulting from proper use, and if returned unclean, I may be charged a reasonable cleaning fee. I agree to keep and maintain the Equipment in good condition, use it in a careful and proper manner (including without limitation maintenance of proper fuel, oil and lubricant levels, if applicable) and comply with all applicable laws and regulations.

Repair or Replacement. I agree immediately to discontinue using Equipment that becomes unsafe or in a state of disrepair, and immediately to notify you of such fact. You have the option to make such Equipment operable within a reasonable time, provide me with a similar piece of Equipment or adjust the rental charge. However, if such Equipment is unsafe or in disrepair because of my improper use or maintenance, I will bear the expense of such replacement or repair or, at your option, be declared in default.

Default. I agree that any of the following shall be an event of default: (a) I fail to pay when due any rent or any other amounts due hereunder, (b) I fail to perform any of my covenants or obligations herein (INCLUDING WITHOUT LIMITATION THE PROHIBITION ON TRANSFER); (c) you determine that any representation I made herein or in any other document executed and delivered by me in connection herewith shall have been inaccurate or untrue when made (d) I die, dissolve, cease doing business or sell or transfer all or substantially all of my assets; (e) any voluntary or involuntary bankruptcy or insolvency proceeding, or assignment for the benefit of creditors, is filed or otherwise commenced in respect of me; (f) I become insolvent or generally do not pay my debts as they become due; or (g) any breach or default by me occurs under any other agreement between us.

Remedies upon Default. I agree that upon a default by me you may take one or more of the following actions: (a) proceed by arbitration to enforce my performance of the applicable covenants and provisions hereunder or to recover damages for the breach hereof, (b) cancel this Agreement; or (c) directly or by your agent enter upon my premises or other premises where the Equipment may be located and take possession of the Equipment and thereupon my right to possession of the Equipment shall absolutely cease and this agreement shall be canceled. I EXPRESSLY WAIVE (1) NOTICE AND THE RIGHT TO A HEARING PRIOR TO SUCH RETAKING OF POSSESSION, AND (2) ANY DIRECT OR CONSEQUENTIAL DAMAGES OCCASIONED BY SUCH TAKING OF POSSESSION (UNLESS I AM A CONSUMER UNDER APPLICABLE LAW, IN WHICH CASE NO CONSEQUENTIAL DAMAGES LIMITATION FOR INJURIES TO PERSONS SHALL APPLY). I agree to pay all costs and expenses (including the costs and expenses of retaking, together with reasonable attorneys' fees) incurred by you in exercising any of your rights or remedies hereunder or in enforcing this agreement. For any cancellation under this paragraph, I agree that you shall be entitled to retain all rents and additional sums paid by me plus all insurance proceeds and other sums, if any received by you or to which you are entitled and you shall be entitled to recover all rentals accrued and unpaid for the period up to and including the date of such cancellation, plus all additional sums payable by me, for which I am liable or for which I agreed to indemnify you.

Limitation on Remedies. I agree that I have no right to reject or revoke acceptance of Equipment or to cancel this agreement. I agree that if you fail to meet any of your obligations, my exclusive remedy shall be to notify you of such deficient performance. I agree that in such event you may repair or replace any deficient Equipment or make a rental charge adjustment, and that your liability for losses or damages resulting from any cause shall be limited to the rental fee of the particular Equipment involved in such losses or damages.

Liquidated Damages for Unpaid Rent. I agree that you shall be entitled to recover immediately, as liquidated damages for unpaid rent and not as a penalty, a sum equal to the total of: (a) all rentals or other sums due and owing for any item of Equipment up to the date of return to or repossession by you, (b) any expenses and losses incurred by you in connection with the repossession, holding, repair, subsequent sale or lease or disposition of the Equipment, including reasonable attorneys' fees incurred in connection with the enforcement or protection of your rights hereunder or any of the foregoing; (c) the Stipulated Loss Value for any item of Equipment that I fail to return to you, convert or destroy or which you are unable to repossess; and (d) The Stipulated Loss Value for all items of Equipment returned to you less (i) the present value of the proceeds of releasing such items of Equipment for the remaining term hereof, or (ii) if such item is sold, the net proceeds of such sale. Present value shall be computed on the basis of a discount rate of six percent (6%) per annum and the discount rates for any releasing will be compounded on the respective dates on which rents will be payable.

Damage Waiver. If I pay the damage waiver charge for any Equipment, this agreement shall be modified to relieve me of liability for accidental damage to it, but not for any losses or damages due to theft, burglary, misuse or abuse, theft by conversion, intentional damage, disappearance or any loss due to my failure to care properly for such Equipment in a prudent manner (including without limitation by using proper fuel, oil and lubricants and not exceeding such Equipment's rated capacity, if applicable). Notwithstanding the foregoing, the damage waiver charge can not be applied to Hertz rental equipment.

Entire Agreement. I agree that this agreement is our entire agreement and may not be changed without our mutual written consent.

Page 2 of 2   No.   154973   Customer Copy

EXHIBIT C

EXHIBIT B

EXHIBIT C

THE KICK LAW FIRM
A PROFESSIONAL CORPORATION

660 South Figueroa Street, Suite 1800
Los Angeles, California 90017
213 624 1588 / Fax 213 624 1589



July 11, 2006

<u>Via Certified Mail – Return Receipt Requested</u>

Mr. Robert L. Nardelli, President and CEO
Chairman and CEO
The Home Depot, Inc.
2455 Paces Ferry Road. N.W.
Atlanta, GA 30339

Re:    *Berger v. The Home Depot, Inc.*

Dear Mr. Nardelli:

Pursuant to the California Legal Remedies Act ("CLRA"), *California Civil Code § 1750 et seq.*, and, specifically, Section 1782(a)(1)-(2) of the CLRA, Benjamin Berger, on behalf of himself and all others similarly situated, and through the undersigned counsel, hereby notify you that The Home Depot, Inc. ("Home Depot") has violated Section 1770 of the CLRA through the deceptive automatic imposition of a ten-percent Damage Waiver charge for tool and equipment rental transactions. Specifically, Home Depot is in violation of *Civil Code § 1770 (a)(14)*, which provides, in relevant part, that it is unlawful to represent that a transaction confers obligations which it does not have or involve.

Based upon the foregoing, Mr. Berger, on behalf of himself and others similarly situated, hereby demands that Home Depot cease the above-referenced conduct, and agree to compensate Mr. Berger and all others similarly situated for their resulting losses, or otherwise make them whole.

Please be advised that should Home Depot refuse this demand, Mr. Berger intends to seek monetary damages for himself and a proposed Class, in addition to equitable relief (restitution and/or disgorgement), injunctive relief, punitive or exemplary damages, and such other relief as the Superior Court for the County of Orange deems proper.

Please contact me at (213) 624-1588 or by facsimile at (213) 624-1589 if you have any questions.

Sincerely,

Graig Woodburn

cc:    The Home Depot
       c/o Agent for Service of Process (Via Certified Mail - Return Receipt Requested)
       CT Corporation System
       818 West Seventh Street
       Los Angeles. CA 90017

EXHIBIT C

PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF ORANGE
Benjamin Berger v. The Home Depot USA Inc.
CASE NO. 06CC00139

I am employed by the Kick Law Firm, APC, in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 900 Wilshire Blvd., Suite 230, Los Angeles, California 90017.

On June 5, 2009, I served the foregoing document described as **THIRD AMENDED CLASS ACTION COMPLAINT FOR: (1) VIOLATION OF THE UNFAIR COMPETITION LAW, CALIFORNIA BUSINESS AND PROFESSIONS CODE SECTION 17200; (2) VIOLATION OF CONSUMER PROTECTIONS STATUTES, INCLUDING THE CALIFORNIA CONSUMERS LEGAL REMEDIES ACT, CALIFORNIA CODE SECTION 1750; (3) UNJUST ENRICHMENT; (4) MONEY HAD AND RECEIVED; (5) BREACH OF CONTRACT** on the parties indicated below:

Allan E. Ceran, Esq.
**Burke, Williams & Sorensen, LLP**
444 South Flower Street, Suite 2400
Los Angeles, CA 90071-2953
Tel: (213) 236-2837
Fax: (213) 236-2700
aceran@bwslaw.com

Dwight J. Davis, Esq.
S. Stewart Haskins, II, Esq.
Frederica J. White, Esq.
**King & Spalding, LLP**
1180 Peachtree Street, N.E.
Atlanta, Georgia 30309
Phone: (404) 572-4600
Fax: (404) 572-5140
ddavis @kslaw.com
shasklins@kslaw.com
jwhite@kslaw.com

 X    BY UNITED STATES MAIL – I deposited the sealed envelope with postage thereon fully prepaid in the United States mail at Los Angeles, California.

__    **BY ELECTRONIC SERVICE** - CRC 2060(c) The document was served by electronic transfer upon the party(ies) listed above using their e-mail address(es) as shown above. Each transmission was reported as complete and without error.

I declare under the penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed this June 5, 2009.

_____
Manuel Garcia



EXHIBIT C

Proof of Service

57

SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CIVIL COMPLEX CENTER
MINUTE ORDER

RECEIVED

SEP - 4 2009

BURKE, WILLIAMS & SORENSEN, LLP

Date: 09/01/2009                    Time: 09:33:12 AM          Dept: CX104

Judicial Officer Presiding: Judge Thierry Patrick Colaw
Clerk: P. Rief

Bailiff/Court Attendant: Chris Sanchez

Reporter: None

Case Init. Date: 07/12/2006

Case No: 06CC00139                    Case Title: BERGER VS HOME DEPOT USA INC

Case Category: Civil - Unlimited          Case Type: Business Tort

---

Event Type: Chambers Work

Causal Document & Date Filed:

---

Appearances:

---

DEFENDANT THE HOME DEPOT U.S.A., INC.'S DEMURRER TO THE THIRD AMENDED COMPLAINT (regarding the Second Cause of Action)

There are no appearances by any party.

The Court, having taken the above-entitled matter under submission on 08/28/2009 and having fully considered the arguments of all parties, both written and oral, as well as the evidence presented, now rules as follows:

**See attached Notice of Ruling.**

Court orders clerk to give notice.

---

Date: 09/01/2009
Dept: CX104



EXHIBIT C

58

BENJAMIN BERGER, individually and on
behalf of all others similarly situated and the
general public,

                Plaintiff

v.

THE HOME DEPOT USA INC., a
Delaware Corporation, dba The Home Depot
etc., *et alia*

_____

CASE NO. 06CC00139

## NOTICE OF RULING

1. The demurrer to the Plaintiff's 3rd Amended Complaint concerning the 2nd
cause of action for violation of the CLRA is Overruled.
In the 3rd Amended Complaint Plaintiff alleges that he leased from Home Depot a
tool, an item that clearly meets the required statutory language of C.C. § 1770(a)
regarding "goods." From the allegations it can reasonably be inferred that Plaintiff
did not go into Home Depot to purchase a surcharge. The purpose of the
transaction as alleged was clearly "intended to result...in the lease of goods." The
surcharge was not "separate and apart" from the lease of the tool. It was a part of
the tool rental transaction. Plaintiff has adequately alleged the CLRA cause of
action.

The Defendant has 21 days to answer the 3rd Amended Complaint.

2. The Clerk shall give Notice.

EXHIBIT C

## SUPERIOR COURT OF CALIFORNIA
## COUNTY OF ORANGE, CENTRAL JUSTICE CENTER

| | |
|---|---|
| BERGER<br><br>Plaintiff(s)<br><br>v.<br><br>THE HOME DEPOT USA INC.<br><br>Defendant(s) | CASE NUMBER: 06CC00139<br><br>CERTIFICATE OF SERVICE BY MAIL<br>OF MINUTE ORDER, DATED 09-01-09 |

I, ALAN CARLSON, Executive Officer and Clerk of the Superior Court, in and for the County of Orange, State of California, hereby certify; that I am not a party to the within action or proceeding; that on 09-01-09, I served the Minute Order, dated 09-01-09, on each of the parties herein named by depositing a true copy thereof, enclosed in a sealed envelope with postage thereon fully prepaid, in the United States Postal Service mail box at Santa Ana, California addressed as follows:

Taras Kick, Esq.
Thomas Segal, Esq.
Graig Woodburn, Esq.
The Kick Law Firm, APC
900 Wilshire Boulevard, Suite 230
Los Angeles, CA 90017

Allan E. Ceran, Esq.
Burke, Williams & Sorensen, LLP
444 South Flower Street, Suite 2400
Los Angeles, CA 90017

S. Stewart Haskins, II, Esq.
King & Spalding, LLP
1180 Peachtree Street, N.E.
Atlanta, GA 30309

ALAN CARLSON,
Executive Officer and Clerk of the Superior Court
In and for the County of Orange

DATED: 09-01-09

By: _____
P. Rief, Deputy Clerk

## CERTIFICATE OF SERVICE BY MAIL



60

# NOTICE OF FILING OF NOTICE
# OF REMOVAL


# EXHIBIT D

BURKE, WILLIAMS & SORENSEN, LLP
ALLAN E. CERAN, (SBN 093303)
E-mail: aceran@bwslaw.com
444 South Flower Street, Suite 2400
Los Angeles, CA 90071-2953
Telephone: 213.236.0600
Facsimile: 213.236.2700

OF COUNSEL:
KING & SPALDING, LLP
DWIGHT J. DAVIS
S. STEWART HASKINS
TRACY C. BRAINTWAIN
1180 Peachtree Street, N.E.
Atlanta, Georgia 30309
Telephone: 404.572.4600
Facsimile: 404.572.5140

Attorneys for Defendant
HOME DEPOT U.S.A., INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| BENJAMIN BERGER, individually and on behalf of all others similarly situated and the general public,<br><br>Plaintiff,<br><br>v.<br><br>HOME DEPOT U.S.A., INC., a Delaware Corporation, dba The Home Depot and DOES 1 through 50, inclusive,<br><br>Defendants. | CASE NO.<br><br>**DECLARATION OF GRETCHEN LUMSDEN** |

I, **GRETCHEN LUMSDEN**, being first duly sworn upon my oath, depose and state as follows:

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

EXHIBIT D

1.     I am employed by The Home Depot U.S.A., Inc. ("Home Depot"). I have been employed by Home Depot since 2004, and my current title is Director, Retail Staffing.  My address at Home Depot's principal place of business and corporate headquarters is 2455 Paces Ferry Road, Atlanta, Georgia, 30339.

2.     Home Depot is, and was at the time Plaintiff commenced this action, a corporation duly organized and validly existing under the laws of the State of Delaware.  Home Depot's corporate headquarters and principal place of business is in Atlanta, Georgia.  At no time, including when Plaintiff commenced this action, has Home Depot, or any of its affiliates, had its corporate headquarters or principal place of business in the State of California.

3.     Home Depot was founded in Atlanta, Georgia in 1979.  In the United States, Home Depot today operates over 2,000 stores located in all 50 states and the District of Columbia.  Home Depot does not conduct a majority of its business activities in any one state.  Home Depot's employees and store locations are dispersed across the country.  In my role as Director, Retail Staffing, I have knowledge of and access to information related to the number of Home Depot employees working in each of the 50 states and the District of Columbia.

4.     I set forth below the percentage of Home Depot's workforce located in California, and in the states, other than California, with the top three percentage figures.

5.     Home Depot employs 309,168 associates in the United States.  Of those associates, slightly over 86% of them work in states other than California.  Only 13.1% of Home Depot's associates work in California; 8.1% of Home Depot's associates work in Florida; 7.9% of Home Depot's associates work in Texas; and 6.1% of Home Depot's associates work in New York.  All of Home Depot's associates in California, Florida, Texas and New York, along with all of

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

- 2 -

DECLARATION OF GRETCHEN LUMSDEN

EXHIBIT D        47

62

1    Home Depot's associates in the other 46 states and the District of Columbia report

2    to Home Depot's management team located at its headquarters in Atlanta, Georgia.

3        6.    According    to    the    U.S.    Census    Bureau's    web    site    at

4    http://quickfacts.census.gov,  the  population  of  California  in  2005  was

5    approximately 36 million. The population of Texas in 2005 was approximately 23

6    million, the population of Florida in 2005 was approximately 18 million, and the

7    population of New York at that time was approximately 19 million. Using these

8    population figures, I estimate that a larger percentage of Florida's population works

9    for Home Depot than the populations of California, Texas and New York.   I

10   calculate that approximately .14 % of Florida's population is employed by Home

11   Depot, while only .11% of California's population, .11% of Texas' population, and

12   .010% of New York's population works for Home Depot.

13       7.    Furthermore,  approximately  5,000  of  Home  Depot's  corporate

14   employees work at Home Depot's headquarters in Atlanta, Georgia.   This is the

15   largest single group of employees in one location.   Thus the majority of Home

16   Depot's corporate employees are located in Atlanta, Georgia; the majority of Home

17   Depot's production activities take place in Atlanta, Georgia; and the majority of

18   Home Depot's corporate sales and purchases take place in Atlanta, Georgia.

19       8.    While Home Depot's stores are located in many states, its headquarters

20   and principal place of business is, and always has been, in Georgia.   The majority

21   of Home Depot's executive and administrative functions occur in Georgia.   Home

22   Depot's CEO, CFO, general counsel and other senior management are located in

23   Atlanta, Georgia.    Home Depot's finance, accounting, purchasing, treasury,

24   marketing, training, human resources, information systems, internal audit, and legal

25   departments are maintained at its principal executive offices in Atlanta, Georgia.

26   None of these executives or departments are now, or ever have been, located in

27   California.   There has been no material change in the location of Home Depot's

28

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

- 3 -
DECLARATION OF GRETCHEN LUMSDEN

EXHIBIT D

48          63

1  corporate management team in Atlanta, Georgia since the company was founded in

2  1979.

3      I declare upon penalty of perjury that the foregoing is true and correct and

4  that this declaration is executed on this 20th day of June, 2008, at Atlanta, Georgia.

5

6

7

8  Gretchen Lumsden
   Director, Retail Staffing

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

- 4 -

DECLARATION OF GRETCHEN LUMSDEN

EXHIBIT D

49

64

# NOTICE OF FILING OF NOTICE
# OF REMOVAL


# EXHIBIT E

1   BURKE, WILLIAMS & SORENSEN, LLP
    ALLAN E. CERAN, (SBN 093303)
2   E-mail:  aceran@bwslaw.com
    444 South Flower Street, Suite 2400
3   Los Angeles, CA  90071-2953
    Telephone:  213.236.0600
4   Facsimile:  213.236.2700

5   OF COUNSEL:
    KING & SPALDING, LLP
6   DWIGHT J. DAVIS
    S. STEWART HASKINS
7   TRACY C. BRAINTWAIN
    1180 Peachtree Street, N.E.
8   Atlanta, Georgia 30309
    Telephone: 404.572.4600
9   Facsimile:  404.572.5140

10

    Attorneys for Defendant
11  HOME DEPOT U.S.A., INC.

12
                    UNITED STATES DISTRICT COURT
13
         CENTRAL DISTRICT OF CALIFORNIA,  SOUTHERN DIVISION
14

15
    BENJAMIN BERGER, individually     CASE NO.
16  and on behalf of all others similarly
    situated and the general public,    **DECLARATION OF JIM SUMMERS**
17
                    Plaintiff,
18
            v.
19
    HOME DEPOT U.S.A., INC., a
20  Delaware Corporation, dba The
    Home Depot and DOES 1 through
21  50, inclusive,

22              Defendants.

23

24
            I, **JIM SUMMERS**, being first duly sworn upon my oath, depose and
25
    state as follows:
26

27

28

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES
                              - 15 -
                  DEFENDANT HOME DEPOT'S NOTICE OF REMOVAL
                                                              58

EXHIBIT E
                                                              65

06/19/2008 15:09 FAX                                        @0003/0006

1.     I am employed by The Home Depot U.S.A., Inc. ("Home Depot") as Director Tool Rental.  I have been employed by Home Depot at its principal place of business and headquarters located at 2455 Paces Ferry Road, Atlanta, Georgia, 30339 since July, 2006.

2.     In connection with my position as Director Tool Rental, I am familiar with the practices and policies of Home Depot relating to its tool rental program, including its revenue from the sale of damage waivers for tool rentals in California.

3.     I have reviewed the Second Amended Class Action Complaint, and I am familiar with the allegations raised in the lawsuit styled *Benjamin Berger, individually and on behalf of others similarly situated and the general public, v. Home Depot U.S.A., Inc., a Delaware Corporation, dba The Home Depot and Does 1 through 50, inclusive*, Case No. 06CC00139, in the Superior Court of California, County of Orange (the "Complaint").  I make this declaration based on personal knowledge relating to such allegations.

4.     Home Depot operates tool rental centers in California at which Home Depot offers customers the option to rent tools and equipment.  In connection with these tool rental transactions, Home Depot offers its customers an optional damage protection service (also known as a "damage waiver"), which protects any customer who elects to purchase the damage waiver from liability for damage to the tool during normal use by the rental customer.  The fee for the damage waiver is 10% of the rental charge for the tool or equipment.

- 2 -

DECLARATION OF JIM SUMMERS

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

5.     According to Home Depot's records, from July 12, 2002 through September 30, 2006, tool rental customers purchased a damage waiver from a Home Depot tool rental center in California on over 3,087,923 occasions. As a result, Plaintiff's proposed class of "[a]ll California residents who from on or after July 2002 paid a Damage Waiver charge while renting tools or equipment from Home Depot," Compl., ¶ 17, would include well over 100 members.

6.     According to Home Depot's records, from July 12, 2002 through September 30, 2006, tool rental customers in California paid Home Depot approximately $15,970,021 million to purchase damage waivers.

7.     In 2005 alone, Home Depot received over $4 million in revenue from the sale of Damage Waivers in connection with tool rentals in California.

8.     Based on my understanding of Plaintiff's allegations and my knowledge of Home Depot's revenue from sales of the optional damage waiver to rental customers in California, the compensatory damages that Plaintiff seeks, individually and on behalf of the proposed class, exceed $5,000,000 million.

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

DECLARATION OF JIM SUMMERS

EXHIBIT E

06/19/2008 15:09 FAX                                                    ☑ 0005/0005

1   I declare upon penalty of perjury that the foregoing is true and correct.

2

3

4   _6/19/08_                              _____
    DATE                                   JIM SUMMERS
5                                          *Director Tool Rental*

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

- 4 -

DECLARATION OF JIM SUMMERS

P.5                          Jun 19 2008 8:28PM   HP LASERJET FAX

EXHIBIT E

1

### PROOF OF SERVICE BY COURIER

2      I am a citizen of the United States and employed by First Legal Support Services, 1511

3 West Beverly Boulevard, Los Angeles, California 90026, in Los Angeles County, California. I

4 am over the age of eighteen years and not a party to the within-entitled action. On **May 21, 2010**,

5 I personally served a true and correct copy of the within document(s):

6     **DEFENDANT HOME DEPOT U.S.A., INC.'S NOTICE OF REMOVAL**

7

8 in a sealed envelope, addressed as follows:

9      Taras Kick, Esq.
     Graig Woodburn, Esq.

10      Thomas Segal, Esq.
     Matthew Hess, Esq.

11      The Kick Law Firm
     900 Wilshire Boulevard, Suite 230

12      Los Angeles, CA 90017
     Phone: (213) 624-1588

13      Fax: (213) 624-1589

14

15     Executed on **May 21, 2010**, at Los Angeles, California.

16

17

18                           Fred Lozada

                              [Print Name]

19

20

21

22

23

24

25

26

27

28

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge James V. Selna and the assigned discovery Magistrate Judge is Patrick J. Walsh.

The case number on all documents filed with the Court should read as follows:

## SACV10- 678 JVS (PJWx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

================================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [ ] **Western Division** | [X] **Southern Division** | [ ] **Eastern Division** |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| Benjamin Berger, individually and on behalf of all others similarly situated and the general public | Home Depot U.S.A., Inc., a Delaware Corporation, dba The Home Depot and DOES 1 through 50, inclusive |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| Taras Kick (SBN 143379)<br>Graig Woodburn, Esq. (SBN 134097)<br>The Kick Law Firm<br>900 Wilshire Boulevard, Suite 230, Los Angeles, Ca 90017<br>Telephone: (213) 624-1588 | Allan E. Ceran (SBN 93303)<br>Burke, Williams & Sorensen, LLP<br>444 South Flower Street, Suite 2400<br>Los Angeles, CA 90071-2953<br>Telephone: (213) 236-0600 |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff  ☐ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant  ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding  ☒ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify):  ☐ 6 Multi-District Litigation  ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☒ Yes ☐ No   ☒ **MONEY DEMANDED IN COMPLAINT: $** Injunctive Relief and Restitution

**VI. CAUSE OF ACTION** (Cite the U. S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Class Action Fairness Act of 2005, Pub. L. No. 109-2, 119 Stat. 4 (Codified in Scattered Sections of 28 U.S.C.); 28 U.S.C. Section 1332(d).

**VII. NATURE OF SUIT** (Place an X in one box only.)

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Act
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Info. Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☒ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Fed. Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury-Med Malpractice
- ☐ 365 Personal Injury-Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 463 Habeas Corpus-Alien Detainee
- ☐ 465 Other Immigration Actions

**TORTS PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**BANKRUPTCY**
- ☐ 22 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/Accommodations
- ☐ 444 Welfare
- ☐ 445 American with Disabilities – Employment
- ☐ 446 American with Disabilities – Other
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence Habeas Corpus
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus/Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE / PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R.& Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety /Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt. Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 61 HIA(1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW 405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS-Third Party 26 USC 7609

**FOR OFFICE USE ONLY:** Case Number: **SACV10-0678**

CV-71 (05/08)  CIVIL COVER SHEET  Page 1 of 2

American LegalNet, Inc.
www.FormsWorkflow.com

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☐ No ☒ Yes
If yes, list case number(s): CV06-2758 SJO (PLAx) (Judge S. James Otero)

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☐ No ☒ Yes
If yes, list case number(s): CV06-2758 SJO (PLAx) (Judge S. James Otero)

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)   ☒ A. Arise from the same or closely related transactions, happenings, or events; or
☒ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐   Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange | |

(b)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐   Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Georgia | |

(c)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
Note: **In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____ Date May 21, 2010

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3 -1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

American LegalNet, Inc.
www.FormsWorkflow.com

1

## PROOF OF SERVICE BY COURIER

2        I am a citizen of the United States and employed by First Legal Support Services, 1511

3  West Beverly Boulevard, Los Angeles, California 90026, in Los Angeles County, California. I

4  am over the age of eighteen years and not a party to the within-entitled action. On **May 21, 2010**,

5  I personally served a true and correct copy of the within document(s):

6     **CIVIL COVER SHEET**

7

8  in a sealed envelope, addressed as follows:

9       Taras Kick, Esq.
        Graig Woodburn, Esq.

10      Thomas Segal, Esq.
        Matthew Hess, Esq.

11      The Kick Law Firm
        900 Wilshire Boulevard, Suite 230

12      Los Angeles, CA 90017
        Phone: (213) 624-1588

13      Fax: (213) 624-1589

14

15     Executed on **May 21, 2010**, at Los Angeles, California.

16

17

18                           [Print Name]

19

20

21

22

23

24

25

26

27

28

LA #4839-6282-7523 v1